JENNINGS BUICK, INC., APPELLEE, *v.*
CITY OF CINCINNATI, APPELLANT.

[Cite as Jennings Buick, Inc., v. Cincinnati (1980),
63 Ohio St. 2d 167.]

(No. 79-975—Decided July 16, 1980.)

Messrs. *Graydon, Head & Ritchey, Mr. John B. Pinney* and *Mr. Thomas W. Kahle,* for appellee.

*Mr. Thomas A. Luebbers,* city solicitor, and *Ms. Patricia W. Morrison,* for appellant.

*Per Curiam.* In its first proposition of law, appellant contends that the right to rely upon the doctrine of *res ipsa loquitur* is waived where the plaintiff fails to indicate such reliance prior to the conclusion of trial. We disagree.

The doctrine of *res ipsa loquitur* is not a substantive rule of law furnishing an independent ground for recovery; rather, it is an evidentiary rule which permits, but does not require, the jury to draw an inference of negligence when the logical premises for the inference are demonstrated. *Glowacki* v. *North Western Ohio Ry. & Power Co.* (1927), 116 Ohio St. 451, paragraph one of the syllabus; *Fink* v. *New York Central Rd. Co.* (1944), 144 Ohio St. 1, paragraph two of the syllabus. As such, it is not necessary to specifically plead the doctrine in order to invoke it, *Beeler* v. *Ponting* (1927), 116 Ohio St. 432, 433; *Scovanner* v. *Toelke* (1928), 119 Ohio St. 256, 260, nor do specific allegations of negligence in the complaint foreclose reliance upon it. *Fink, supra,* at page 7; *Oberlin* v. *Friedman* (1965), 5 Ohio St. 2d 1, 7.

The doctrine of *res ipsa loquitur* does not alter the nature of the plaintiff's claim in a negligence action; it is merely a method of proving the defendant's negligence through the use of circumstantial evidence. The only way in which a defendant might conceivably be prejudiced by invocation of the doctrine is where only a specific allegation of negligence is pleaded, and the inference to be drawn from the plaintiff's proof is inconsistent with the theory of negligence set forth in the complaint. So long as a general allegation of negligence is made, the defendant reasonably should be on notice that the plaintiff does not intend to rely solely upon the specific allegations of negligence, and the defendant cannot reasonably claim to have been surprised or misled by submission of the case to the jury on the doctrine of *res ipsa loquitur.* See Prosser on Torts (4 Ed.) 232-233, Section 40.

Because appellee set forth a general allegation of negligence in addition to the specific allegations of the amended complaint, it did not waive its right to rely upon the doctrine of *res ipsa loquitur.* Appellant's first proposition of law is, therefore, without merit.

In appellant's second and third propositions of law, it is contended that the evidence adduced at the trial of this cause did not meet the legal prerequisites which warrant a jury instruction on *res ipsa loquitur.* Those prerequisites were set forth by this court in *Hake* v. *Wiedemann Brewing Co.* (1970), 23 Ohio St. 2d 65, 66-67, as follows:

"To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed."

The second prerequisite set forth in *Hake,* that there must be evidence tending to prove that the injury ordinarily would not have occurred if ordinary care had been exercised, serves to establish the logical basis for the inference that the plaintiff's injury was the proximate result of someone's negligence. The first prerequisite, that there must be evidence

tending to prove that the instrumentality causing the injury was under the exclusive management and control of the defendant, permits the further inference that it was the defendant who was negligent.

Appellant city argues generally that the doctrine of *res ipsa loquitur* should not be applied in water main cases in that "every purveyor of water in Ohio is now exposed to a greater risk of liability even though he continues to exercise reasonable care and is guilty of no misconduct." In essence, the position of the city in this regard is that it, as the supplier of the water carried through the mains buried underground throughout the city, should not be held to the impossible task of continuously digging up such pipe for purposes of inspection in order to determine its condition.

Although this issue has been addressed, and variously concluded, in other states, it is one of first impression for this court. Upon an overall analysis and weighing of the necessity or desirability of the application of this doctrine, we decline, somewhat upon the same basis that we previously refused to extend the principle of strict liability to cities in water main cases, to hold that *res ipsa loquitur* would be proper in all cases involving damage through bursting water mains. However, we hold that in a given case the doctrine of *res ipsa loquitur* may be applied. The question to be answered on a case-by-case basis is whether the facts in that case meet the criteria set forth in *Hake, i.e.,* do the facts show that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed by the defendant.

The burden of the plaintiff in establishing the reasonable applicability of *res ipsa loquitur* is evidenced in previous determinations of this court. Where it has been shown by the evidence adduced that there are two equally efficient and probable causes of the injury, one of which is not attributable to the negligence of the defendant, the rule of *res ipsa loquitur* does not apply. In other words, where the trier of the facts could not reasonably find one of the probable causes more likely than the other, the instruction on the inference of negligence may not be given. *Huggins* v. *John Morrell & Co.* (1964), 176 Ohio St. 171; *Schafer* v. *Wells* (1961), 171 Ohio St. 506; *Krupar* v.

*Proctor & Gamble Co.* (1954), 160 Ohio St. 489; *Soltz* v. *Colony Recreation Center* (1949), 151 Ohio St. 503; *Glowacki* v. *North Western Ohio Ry. & Power Co., supra* (116 Ohio St. 451).

The availability of the application of *res ipsa loquitur* was well stated in *Loomis* v. *Toledo Railways & Light Co.* (1923), 107 Ohio St. 161, wherein is found the following, at pages 169-170, in the opinion:

" 'The maxim *res ipsa loquitur* relates merely to negligence *prima facie* and is available without excluding all other possibilities, but it does not apply where there is direct evidence as to the cause, or where the facts are such that an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as that it was due to his negligence.' * * *

" 'Where all the facts connected with the accident fail to point to the negligence of the defendant as the proximate cause of the injury, but show a state of affairs from which an inference could as reasonably be drawn that the accident was due to a cause or causes other than the negligent act of defendant, the plaintiff cannot rely upon mere proof of the surrounding facts and circumstances, nor is defendant called upon to explain the cause of the accident or purge itself of the inferential negligence. The doctrine of *res ipsa loquitur* does not apply in such case.' *McGrath* v. *St. Louis Transit Co.,* 197 Mo., 97."

This basic principle of the application of *res ipsa loquitur* to water main cases was set forth in *Adam Hat Stores, Inc.,* v. *Kansas City* (Mo. 1958), 316 S.W. 2d 594, where it was held in effect that a plaintiff seeking to invoke the doctrine of *res ipsa loquitur* in a negligence action need not eliminate all reasonable non-negligent causes of his injury. It is sufficient if there is evidence from which reasonable men can believe that it is more probable than not that the injury was the proximate result of a negligent act or omission.

Initially, as a ground for the inapplicability of the doctrine of *res ipsa loquitur,* the appellant city argues that an underground city water main installed and maintained by the waterworks department of the municipality is not within the exclusive control and management of the water supplier for the purposes of applying the doctrine of *res ipsa loquitur.* Ap-

pellant takes the position that the instrumentality causing the plaintiff's injury must be in the actual physical possession of the defendant in order to constitute exclusive management and control.

As previously noted, a showing of exclusive management and control is necessary only insofar as it supplies the logical basis for the inference that the negligence which caused the injury was that of the defendant, and not that of a third party. In the instance of this underground water main, however, it is extremely unlikely that acts or omissions of a third party may have occasioned the bursting of the water main and the appellee's resulting damages.

The city owns the water mains and the real estate through which the mains pass, the city and its employees are engaged exclusively in the operation of these mains, and the city or its contractees make all repairs to these mains. These facts would seem to reasonably preclude, in most instances, anyone else from being in control or tampering with these mains. Underground water mains are, under most circumstances, not accessible to the general public. We hold that the element of exclusive management and control of this instrumentality has been met.

The other major thrust of the city's argument here is that a water main break is an event which may naturally occur in the absence of negligence and that the appellee did not present evidence sufficient to negate those causes of water main breaks which would not be attributable to negligence. Although this is a close and difficult case, we must conclude, after a thorough review of the record, that the city should prevail in this regard.

The record in this case reveals that the evidence tended to show that there were equally probable causes of the break which were not attributable to the negligence of the city. There was evidence presented in the trial of this case from which reasonable men could conclude that it was more probable than not that the injury was the proximate result of a factor other than the negligence of the city. The jury indeed did consider all the evidence adduced by the appellee on the issue of the city's negligence, and entered a verdict for the city.

The appellee's own witness testified that the break could have occurred because of temperature changes, earth settling, traffic vibrations, corrosion, electrolysis, or a combination of these factors.

The city's expert witness, Charles Bolton, testified that the break was probably occasioned by corrosion. He also testified that the pitting or corrosion that had been previously noted on the pipe at the location of the December 6th repair was not dangerous, and that such section of pipe was safe. The reasonable interpretation of Bolton's testimony is that dangerous corrosion in a portion of the main which had not been previously repaired or observed by the waterworks employees had occasioned the break.

The evidence tends to show that a city experiences many breaks in the pipes of the water system throughout the year, and that such breaks may be due to a number of reasons, including corrosion, attributable to causes other than the negligence of the city, all of which are difficult, if not impossible, for the city to anticipate through on-going inspections.

We hold that there was evidence presented to the trier of the facts in this cause to support a determination that the break and resulting damage to appellee resulted from factors other than negligence, more particularly a degree of corrosion.

We further hold that there was evidence presented to the trier of the facts which would have allowed the jury to find that one or another potential cause of the injury not attributable to the negligence of the city was equally as probable as was a cause attributable to the negligence of the city. That being so, the trial court did not err in refusing to give the instruction on *res ipsa loquitur.*

Because we find that this was not a proper case for the application of the doctrine of *res ipsa loquitur,* we hereby reverse the judgment of the Court of Appeals.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.