SUN INSURANCE, INC., d.b.a. Chubb Group of Insurance Companies, Appellant,

v.

EDWARDS, d.b.a. Don Edwards Painting Co., Appellee.

[Cite as *Sun Ins., Inc. v. Edwards* (1994), 97 Ohio App.3d 239.]

Court of Appeals of Ohio,
Hamilton County.

Decided Sept. 21, 1994.

*Katz, Greenberger & Norton* and *Steven M. Rothstein,* for appellant.

*Martin, Bailey & MacDonald* and *Stephen A. Bailey,* for appellee.

---

*Per Curiam.*

This appeal arises from a negligence action to recover damages caused by a house fire. Plaintiff-appellant Sun Insurance, Inc., d.b.a. Chubb Group of Insurance Companies, is the subrogee of the homeowners, and defendant-appellee Don Edwards, d.b.a. Don Edwards Painting Co., is a painting contractor. The case was tried to a jury, which returned a verdict for defendant. Plaintiff appeals, asserting as error the trial court's refusal to instruct the jury on the doctrine of *res ipsa loquitur* and on the law concerning dangerous instrumentalities, and the trial court's denial of plaintiff's motion for judgment notwithstanding the verdict or for a new trial. We reverse.

On August 2, 1988, defendant Don Edwards was using a heat gun to strip old paint off of a house in the Hyde Park section of Cincinnati. Defendant stripped the paint off one side of the house, took a break, and approximately ten minutes later noticed smoke rising from the area in which he had been working. The fire caused over $300,000 in damage to the house. Plaintiff's complaint included a claim against Edwards for negligent use of the heat gun, and a claim against the manufacturer of the heat gun for product liability. The manufacturer was never served and the claim against it was dropped.

The case against Edwards was tried to a jury on July 21 through 24, 1992. Over plaintiff's objection, the trial court declined to instruct the jury on the doctrine of *res ipsa loquitur* and the use of dangerous instrumentalities. The trial court entered judgment upon the jury's verdict in favor of defendant and denied plaintiff's motion for judgment notwithstanding the verdict or for a new trial, and plaintiff appealed.

■ Plaintiff's first assignment of error claims that the trial court erred in refusing to instruct the jury regarding the applicability of *res ipsa loquitur*. The doctrine of *res ipsa loquitur* is an evidentiary rule which permits, but does not require, the jury to draw an inference of negligence when the logical premises for the inference are demonstrated. *Jennings Buick, Inc. v. Cincinnati* (1980), 63 Ohio St.2d 167, 17 O.O.3d 102, 406 N.E.2d 1385. The prerequisites which warrant a jury instruction on *res ipsa loquitur* are set forth in *Jennings Buick, id.* at 170, 17 O.O.3d at 104–105, 406 N.E.2d at 1388 (quoting *Hake v. Wiedemann Brewing Co.* [1970], 23 Ohio St.2d 65, 66–67, 52 O.O.2d 366, 367, 262 N.E.2d 703, 705), as follows:

"To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed."

■ The record contains both a statement and testimony from defendant that he alone was using his heat gun in the area of the house where the fire began, and that the fire resulted from his use of the heat gun. Therefore, there was ample evidence to support the conclusion that the instrumentality causing the injury was under defendant's exclusive management and control at the time of the injury. We also believe there was evidence to support the second *Jennings Buick* prerequisite, because plaintiff's expert testified that the heat gun used by defendant was not mechanically defective, that heat guns such as the one used by defendant can safely be used to strip paint from wood buildings without danger of spontaneous combustion,[1] and that if defendant had used the gun properly, it could not have started the fire. Accordingly, we hold that the evidence satisfied both requirements of *Jennings Buick, supra.*

Defendant argues that plaintiff's proposed instruction on *res ipsa loquitur* was incorrect because it did not include a statement that the jury may, but is not

[1]. Defendant himself testified that he had been using heat guns safely for this purpose for six years, and that he had used the heat gun involved in this case for about three years without incident.

required, to infer from the circumstances that defendant was negligent. This argument lacks merit. The proposed instruction stated that "you *may* infer * * * that the Defendant was negligent. Such an inference, *if made*, is sufficient for a finding of negligence." (Emphasis added.) The proposed instruction clearly and correctly conveyed the concept that the inference of negligence is permissive and not mandatory.

Defendant also argues that the trial court properly refused to instruct the jury on *res ipsa loquitur* because, in addition to the negligence cause of action against defendant, plaintiff also asserted a cause of action for product liability against the manufacturer of the heat gun.[2] In support of its argument, defendant relies upon *Jennings Buick, supra,* 63 Ohio St.2d at 171, 17 O.O.3d at 105, 406 N.E.2d at 1389, which stated:

"Where it has been shown by the evidence adduced that there are two equally efficient and probable causes of the injury, one of which is not attributable to the negligence of the defendant, the rule of *res ipsa loquitur* does not apply. In other words, where the trier of the facts could not reasonably find one of the probable causes more likely than the other, the instruction on the inference of negligence may not be given."

In this case, the manufacturer of the heat gun was not a party because plaintiff was unable to obtain service of summons upon it.[3] Thus, there was no direct evidence to support any of the asserted product-liability claims. Defendant's expert gave his opinion that manufacturers of heat guns generally failed to perform sufficient tests upon them and failed to warn properly about their safe use. However, the expert admitted that he had no firsthand knowledge of what warnings or information were given by the manufacturer of the heat gun used by defendant, because defendant could not locate the instruction manual he received when he purchased the gun.

In *Jennings Buick, supra,* 63 Ohio St.2d at 172, 17 O.O.3d at 106, 406 N.E.2d at 1389, the court went on to state that:

"[A] plaintiff seeking to invoke the doctrine of *res ipsa loquitur* in a negligence action need not eliminate all reasonable non-negligent causes of his injury. It is sufficient if there is evidence from which reasonable men can believe that it is

---

2. The product-liability cause of action included claims for breach of express and implied warranties, negligent manufacture, sale of the heat gun in a defective condition, and failure to warn or instruct users as to the safe use of the gun.

3. The record reveals that, prior to the time of the fire in this case, some of the manufacturer's assets had been sold to another corporation with an express disclaimer of any successor liability. Plaintiff's claim against the successor corporation was then dismissed under Civ.R. 41.

more probable than not that the injury was the proximate result of a negligent act or omission."

Defendant admitted that he sometimes left the heat gun in one place "just a few seconds too long," and that he may have unintentionally come closer to the surface than was proper. Plaintiff's expert witnesses testified that defendant had to have deviated from the accepted standard of care in order to have caused the fire. Based upon this evidence, contrasted with the lack of direct evidence to support a product-liability claim, we hold that reasonable men can believe it is more probable than not that the fire was the proximate result of a negligent act. Therefore, we hold that the trial court erred by refusing to instruct the jury on *res ipsa loquitur*. The first assignment of error is sustained.

In the second assignment of error, plaintiff argues that the trial court erred by refusing to give plaintiff's proposed jury instruction regarding the use of dangerous instrumentalities. The proposed instruction reads as follows:

"The Plaintiff contends that the heat gun which was used in this case was a 'dangerous instrumentality.' A dangerous instrumentality is one which presents a danger of injury by its very nature, not because of any defect in it. If you find that the heat gun used by the Defendant in this case was a dangerous instrumentality, then the Defendant was required to observe the utmost care in its use, and was bound to take exceptional precautions to prevent damage from being done by it.

"If you find that the Defendant failed to observe the utmost care or take exceptional precautions in using a dangerous instrumentality, then you will find that the Defendant failed to exercise ordinary care and was negligent."

Under the terms of the proposed instruction, the jury would have been called upon to decide the issue of whether the heat gun was, as a matter of fact, a dangerous instrumentality. That question, being instead one of law, was solely for the court to decide. See *Drake v. Koesters* (Sept. 20, 1981), Hamilton App. No. C–800572, unreported, 1981 WL 10017. Because in this respect the proposed instruction did not contain an accurate statement of the law, we cannot say that the trial court's refusal to give it was improper. See *Gallimore v. Children's Hosp. Med. Ctr.* (Feb. 26, 1992), Hamilton App. No. C–890808, unreported, 1992 WL 37742, affirmed (1993), 67 Ohio St.3d 244, 617 N.E.2d 1052. The second assignment of error is, accordingly, not well taken.

Because our disposition of the first assignment of error requires a new trial in this case, we need not address plaintiff's third assignment of error, that the trial court erred by overruling plaintiff's motion for judgment notwithstanding the verdict or for a new trial. See App.R. 12(A)(1)(c).

The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

DOAN, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.