DECISION
Defendant-appellant, the Ohio Department of Natural Resources, appeals from the Ohio Court of Claims, which rendered judgment in favor of plaintiffs-appellees, Rick B. and Patricia Genton.
 On September 20, 1997, Rick B. Genton was injured while riding a type of recumbent bicycle, called a Fun Cycle, which he rented from appellant at the Stone Lick State Park in Pleasant Plain, Ohio. As a result of the accident, Genton skinned his arms and elbow and fractured his ankle in three places.
By their complaint filed on April 5, 1999, the Gentons alleged that appellant was negligent. Specifically, the Gentons alleged that appellant (1) failed to properly maintain the Fun Cycle; (2) failed to warn Genton that the Fun Cycle's brakes were defective; and (3) failed to warn Genton that it was dangerous to ride the Fun Cycle on hills. The case went to trial on May 8, 2000.
The following evidence was presented at trial. Gary Bloom, the Stone Like State Park Manager, testified that several Fun Cycles were delivered to the park in August or early September 1997, and the park first started renting the bicycles on the weekend of Genton's accident. He stated that the Fun Cycles were assembled by Mike Kellerman, a park mechanic responsible for maintenance of all park equipment, and that, once they were assembled, several park employees tested the Fun Cycles. Bloom testified that, prior to selecting the Fun Cycle for rental at his park, he had contacted employees at other parks that rent Fun Cycles. Based on this research, Bloom believed that, although the Fun Cycles handled differently than ordinary bicycles, they were safe.
Genton testified that he rented the Fun Cycle while he was on a camping trip with his family. Genton signed a rental agreement, which stated, in part, as follows:
 1. Riders ride at own risk. Renter agrees to hold Stonelick State Park/Ohio Department of Natural Resources harmless from any and all claims of damages, whether to his/herself or to others through the use of said bike/trike.
* * *
 6. Caution should be used when riding up and down hill in camp area (this hill can be dangerous to the inexperienced rider).
Genton testified that no one told him not to ride the Fun Cycle down the camp area hill.
Genton testified that he familiarized himself with the bicycle by riding it on a flat surface for approximately ten minutes, and he did not experience any problems at that time. He stated that the accident occurred as he attempted to ride the bicycle down the hill in the camp area. Genton described the accident as follows:
 The bike started vibrating violently. If I let up off the brake, the bike started going faster. The more I applied the brake, the more it vibrated. And I couldn't apply the brakes to get stopped because I knew I didn't want to go faster, and the bike vibrated and flipped over. [Tr. at 94.]
Genton testified that other members of his camping group rented Fun Cycles the previous day and rode them on the camp area hill. Genton stated that no one in his group told him about any problems with the bicycles.
Marshall Fenner, another visitor to the park, testified that he also rented a Fun Cycle on September 20, 1997. Fenner testified as follows regarding his difficulties riding the bicycle on the camp area hill:
 * * * I could not control the bike going downhill, as far as using the brakes to keep it at a safe speed, as far as so as to keep it under control.
 Otherwise, when the bike would shimmy and shake, and I would end up losing control of the bike. I could not maintain control of the bike with the * * * brakes * * *[.] [Tr. at 61.]
It is unclear from the record whether Fenner and Genton used the same Fun Cycle. Fenner admitted that he never alerted anyone on the park staff about his problems with the Fun Cycle.
The trial court returned a verdict in favor of appellees, concluding that "either a defect of some sort existed in the fun cycle, or that defendant negligently assembled the fun cycle." The court also concluded that "[d]efendant negligently failed to warn plaintiff of the danger of riding the fun cycle down the hill." A separate hearing was held concerning damages, and the court found appellant liable to appellees in the amount of $55,025.
Appellant now asserts the following assignments of error:
ASSIGNMENT OF ERROR NO. 1:
 The trial court erred in finding that the bike rental agreement is general in nature and is not a release of Plaintiff's negligence claims.
ASSIGNMENT OF ERROR NO. 2:
 The trial court erred in finding that the bike rental agreement does not contain unambiguous language releasing Defendant from all negligence claims.
ASSIGNMENT OF ERROR NO. 3:
 The trial court erred in finding that the Defendant negligently failed to warn Plaintiff of the danger of riding the Fun Cycle down the hill.
ASSIGNMENT OF ERROR NO. 4:
 The trial court erred in failing to find that Plaintiff's own negligence was the sole proximate cause of the accident and/or that Plaintiff's own negligence was greater than any negligence of the Defendant.
ASSIGNMENT OF ERROR NO. 5:
 The trial court erred in finding that either a defect of some sort existed in the Fun Cycle or that the Defendant negligently assembled the Fun Cycle.
The appropriate standard of review is whether the decision of the trial court is contrary to law. We will not disturb the trial court's judgment if it is "supported by some competent, credible evidence going to all the essential elements of the case." C.E. Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus.
For clarity, we address appellant's assignments of error out of order. We address appellant's third and fifth assignments of error together, as they both pertain to the trial court's conclusion that appellant was negligent. To succeed in an action for negligence, a plaintiff must show, by a preponderance of the evidence, that the defendant's actions or omissions were the proximate cause of the plaintiff's injuries. Menifee v. Ohio Welding Products, Inc. (1984) 15 Ohio St.3d 75, 77.
By its third assignment of error, appellant contends that the trial court erred when it concluded that appellant negligently failed to warn Genton of the danger in riding the Fun Cycle down the hill. We agree.
The bicycle rental agreement expressly advised Genton that the camp area hill "can be dangerous to the inexperienced rider." Genton introduced no evidence that, at the time of Genton's accident, appellant knew or should have known that any additional warning was indicated. Gary Bloom, the park manager, testified that, before he first procured the Fun Cycles for rent, he had contacted employees from other state parks in an effort to ascertain whether the Fun Cycle was safe. Bloom included language in the rental agreement that advised riders to use caution on the hill because he was told by people at other state parks that the Fun Cycle handles differently than an ordinary two-wheel bicycle. There is no evidence that employees at other state parks, however, indicated that the Fun Cycle was dangerous on hills.
Bloom further testified that, prior to Genton's accident, several park employees rode the Fun Cycles without a problem. There was no evidence that anyone reported any concerns to park employees before Genton had his accident. Although Fenner testified that he had difficulty controlling a Fun Cycle when going downhill, he admitted that he never alerted anyone on the park staff. There is no evidence in the record that the manufacturer, distributor or supplier alerted appellant to a danger if the Fun Cycle was ridden on a hill. Accordingly, we sustain appellant's third assignment of error.
By its fifth assignment of error, appellant contends that the trial court erred in finding that either a defect existed in the Fun Cycle about which the park failed to warn Genton or that appellant negligently assembled the Fun Cycle. As an initial matter, we note that the trial court did not specify the theory upon which it imposed liability. We find that, based on this record, it is impossible to conclude by a preponderance of the evidence whether the Fun Cycle was defective or negligently assembled, or whether something else caused the accident. Moreover, the doctrine of res ipsa loquitur can not apply in this case, as the evidence demonstrates that at least "two equally efficient and probable causes of the injury" exist. See Jennings Buick, Inc. v. Cincinnati (1980), 63 Ohio St.2d 167, 171.
Although Genton opined that faulty brakes caused him to fall off the bike, he admitted that he did not recall noticing after the accident whether the Fun Cycle was damaged in any way that might explain the cause of the accident, and he did not recall whether there were any irregularities with the pavement in the vicinity where he fell. Genton also failed to offer any expert evidence about the cause of the accident. We conclude that Genton simply failed to carry his burden of proof as to the negligence claim and, accordingly, we sustain appellant's fifth assignment of error.
Having concluded that Genton has not offered sufficient evidence that his damages were caused by appellant's negligence, we need not address appellant's first or second assignments of error, which pertain to the purported release of claims in the bike rental agreement. We likewise need not address appellant's fourth assignment of error regarding comparative negligence.
For the foregoing reasons, we sustain appellant's third and fifth assignments of error, overrule as moot appellant's first, second and fourth assignments of error, and reverse the judgment of the Ohio Court of Claims.
Judgment reversed.
DESHLER, J., concurs.
BROWN, J., dissents.