OPINION
{¶ 1} This is an appeal from the judgment of the Allen County Court of Common Pleas which found in favor of Defendant-appellees, Dr. Henry Wirts ("Wirts") and Bridgett Heckler ("Heckler") in a malpractice action filed by Plaintiff-appellant, Tracee Golden ("Golden").
 {¶ 2} Golden became pregnant in the summer of 1998. While seeking prenatal care, Golden consented to be cared for by Heckler, a midwife. Golden was notified that the midwife would deliver the child in the hospital and a doctor would be available in case there were any problems with the delivery.
 {¶ 3} On April 23, 1998, Golden gave birth to a healthy son. During the vaginal delivery, Golden experienced an external tear to her left labia minora. She also tore internally, along the side of her vagina. The act of childbirth and the concurrent tears resulted in swelling of the vaginal and labial area. Heckler sewed two or three sutures in Golden's labial tear after applying a topical anesthetic. Subsequently, Wirts repaired the internal laceration using spinal anesthesia. When Golden was released from the hospital, her labia remained swollen causing pain. A week later, Golden went to see Heckler for her first postpartum visit. At that time, Heckler informed Golden that she had a flap of skin hanging from her left labia and may need reconstructive surgery. Golden continued to incur pain, noticed a gap in her labial tissue and also complained of her labial tissue pulling into her vagina. Consequently, Golden consulted several doctors for treatment and underwent two revision surgeries.
 {¶ 4} Golden filed a complaint against Wirts, Heckler, Dr. Maurice Chung, Lima Memorial, Dr. Ryan, St. Rita's Medical Center, and the Ohio Attorney General. Subsequently, all of the defendants were dismissed from the case except Wirts and Heckler. In her complaint, Golden asserted that she suffered severe pain when Heckler stitched her labia, that she experiences sexual dysfunction, and that she continues to suffer pain, especially with sexual intercourse. Finally, Golden asserts that she will have to deliver any additional babies by cesarean section.
 {¶ 5} A jury trial was held February 25 through March 1, 2002. On February 25, 2002, voir dire was conducted to seat the eight-person jury. After excusing several potential jurors for cause, the attorneys began using their three peremptory challenges. Golden, Heckler and Wirts were each provided with three peremptory challenges to eliminate a juror on the panel and one peremptory challenge to eliminate an alternate. After each party had used two of his or her peremptory challenges, the first eight jurors were composed of: Knight, Harnishfieger, Drerep, Theidick, Foust, Garza, Stechulte, and Johnson. The next five potential jurors were seated in the following order: Haustein, Hanley, Richardson, Tilly and Klock. At this point, Golden attempted to use her third peremptory challenge on Hanley. However, the trial court denied Golden's request stating that Golden's third peremptory challenge must be used on one of the first eight jurors. Subsequently, Johnson, Stechulte and Garza were dismissed with peremptory challenges and replaced with Haunstein, Hanley and Richardson. At this point, each party had used its peremptory challenges and selection of the eight-member jury was completed.
 {¶ 6} At the conclusion of the presentation of evidence, Golden, Heckler and Wirts all made separate motions for directed verdict. The trial court denied each motion. At the conclusion of the trial, the jury found in favor of both Wirts and Heckler.
 {¶ 7} Golden now appeals asserting four assignments of error.
 First Assignment of Error {¶ 8} "The trial court erred when it failed to permit Plaintiff-Appellant to exercise her third preemptory challenge on the prospective juror of her choice where race and gender were not at issue."
 {¶ 9} A trial court has discretion when impaneling a jury. Statev. Trummer (1996), 114 Ohio App.3d 456, 461; See, generally, Berk v.Mathews (1990), 53 Ohio St.3d 161, 169. Consequently, this court will not reverse unless the trial court abused that discretion. Id. "Abuse of discretion" connotes "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218.
 {¶ 10} In a civil case, each party[1] is permitted to peremptorily challenge three jurors without reason pursuant to Civ.R. 47(B) as long as the challenge is not based on race or gender. Hicks v.Westinghouse Materials Co., 78 Ohio St.3d 95, 1997-Ohio 227. Civ.R. 47(B) states, "[p]eremptory challenges may be exercised after the minimum number of jurors allowed by the rules has been passed for cause and seated on the panel. * * *. A prospective juror peremptorily challenged by either party shall be excused and another juror shall be called who shall take the place of the juror excused and be sworn and examined as other jurors. The other party, if he has peremptory challenges remaining, shall be entitled to challenge any juror then seated on the panel."
 {¶ 11} Additionally, "[a]lternate jurors in the order in which they are called[,] shall replace jurors who, prior to the time the jury retires to consider its verdict, become or are found to be unable or disqualified to perform their duties. * * * Each party is entitled to one peremptory challenge in addition to those otherwise allowed by law if one or two alternate jurors are to be impaneled * * *. The additional peremptory challenges may be used against an alternate juror only, and the other peremptory challenges allowed shall not be used against an alternate juror." Civ.R. 47(C)
 {¶ 12} In this case, the trial court and parties voir dired thirteen prospective jurors at a time. The first eight prospective jurors were considered for the impaneled jury and the remaining five prospective jurors were used to replace those jurors dismissed and also to fill the position of alternate juror. With her third peremptory challenge, Golden attempted to excuse Hanley who, at that time, was the tenth prospective juror. Golden argues that she should be allowed to challenge any one of the thirteen potential jurors being considered with her third peremptory challenge. We disagree. Civ.R. 47 allows three peremptory challenges to be used on a juror who at that time is seated on the panel, which in this case is comprised of eight jurors, and expressly prohibits the use of the three peremptory challenges on an alternate juror. As Golden attempted to use her third peremptory challenge on a prospective juror who was not on the panel, we cannot find that the trial court abused its discretion when it prohibited Golden from exercising her third peremptory challenge on Hanley. Consequently, Golden's first assignment of error is overruled. See, also, Knepler v. Cowden (Dec. 23, 1999), Montgomery App. No. 17473 (finding that the trial court did not err in concluding that the use of such peremptory challenges is limited to seated jurors, not prospective jurors, even if prospective jurors have been questioned by the court or the attorneys)
 Second and Third Assignments of Error {¶ 13} "The trial court erred in failing to grant Plaintiff-Appellant's motion for directed verdict on liability against Defendant-Appellees for failure to correctly and adequately repair Plaintiff-Appellant's vaginal through labial laceration, which caused her injuries and pain."
 {¶ 14} "The trial court erred in failing to grant Plaintiff-Appellant's motion for directed verdict on liability against Defendant-Appellee Heckler, when the undisputed evidence established that she did not adequately anesthetize Plaintiff-Appellant which caused Plaintiff-Appellant pain and suffering."
 {¶ 15} According to Civ.R. 50(A)(4) a motion for directed verdict should be granted if, after construing the evidence most strongly in favor of the party against whom the motion is directed, "reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party." Goodyear Tire Rubber Co. v.Atena Cas. Sur. Co., 95 Ohio St.3d 512, 2002-Ohio-2842 at ¶3. The trial court is only required to discern whether there exists any evidence of substantive probative value that favors the position of the nonmoving party. Id.; Civ.R. 50(A)(C). The requisite question to ask is "Was there sufficient material evidence presented at trial on this issue to create a factual question for the jury?" Moreover, a motion for directed verdict presents a question of law and is reviewed by this court de novo. Goodyear Tire Rubber Co., supra at ¶ 3.
 {¶ 16} In order to prove medical malpractice the plaintiff must, by a preponderance of the evidence, establish the standard of care, show a negligent failure to conform to the standard of care, and demonstrate that the resulting injury was proximately caused by the defendant's negligence. Ulmer v. Ackerman (1993), 87 Ohio App.3d 137, 140 citingBruni v. Tatsumi (1976), 46 Ohio St.2d 127, 131-132.
 {¶ 17} In this case, Golden argues that reasonable minds could only conclude that she incurred a single tear that extended from the internal vaginal wall to the external labia minora, that the standard of care for repairing a vaginal tear is to begin the repair at the internal apex of the tear and work down and outward so as not to disturb the repairs at the base when working on the upper areas, and that her tear was repaired from the base to the apex representing a deviation form the standard of care. We disagree. Heckler and Wirts testified that there were two independent tears to be repaired. Additionally, Wirts testified and various post-operative notes confirmed that the sutures in the labial tear remained intact after the surgery to repair the vaginal tear. Furthermore, Wirts testified that he could adequately visualize the vaginal tear which he repaired from top to bottom. Consequently, reasonable minds could have found that the repairs were completed in an appropriate sequence.
 {¶ 18} Golden also argues that reasonable minds could only find that Wirts was negligent in failing to notice the external repair made by Heckler as evidenced by his failure to log Heckler's repair in his post-operative notes. However, Wirts testified that he visualized the external tear and that it was appropriately repaired. Moreover, Wirts also testified that he did not make a notation regarding the external repair in his operative notes because he did not perform the repair. Consequently, reasonable minds could have found that Wirts adequately visualized the external labial repair.
 {¶ 19} Finally, Golden argues that reasonable minds could only conclude that Heckler deviated from the standard of care by using a topical anesthetic rather than a local anesthetic when she sutured the labial tear. We disagree. While the experts testified that Heckler should have used a local anesthetic rather than topical anesthetic to put in the stitches, Heckler testified that she used a topical because in using a local, she would have had to inject the local into the thin folds of skin of the labia minora, which would be very painful for Golden. Heckler also testified that a local would have caused severe swelling, which would make it very difficult to sew the sutures. Furthermore, Heckler testified that topical anesthesia is adequate for the majority of women and that Golden received additional pain medication intravenously prior to Heckler's repair. Consequently, reasonable minds could have found that Heckler's use of topical anesthesia was adequate. As there exists evidence of substantive probative value that favors Heckler and Wirts as to each of Golden's arguments, the trial court did not err in denying a directed verdict and Golden's second assignment of error is overruled.
 Fourth Assignment of Error {¶ 20} "The trial court erred in failing to apply the doctrine of res ipsa loquitur to the evidence introduced by Plaintiff-Appellant, where Plaintiff-Appellant presented substantial evidence to satisfy each of the doctrine's prerequisites."
 {¶ 21} The doctrine of res ipsa loquitur permits a plaintiff to prove negligence circumstantially upon a showing that the instrumentality which caused the harm was in the exclusive control of the defendant and that the event which caused the harm was not of the type of event that would normally occur without the negligence of the defendant. Shumway v.Seaway Foodtown (Feb. 24 1998), Crawford App. No. 3-97-17 at *4. Furthermore, "where it has been shown by the evidence adduced that two equally efficient and probable causes of an injury exist, one of which is not attributable to the negligence of the defendant, the rule of res ipsa loquitur does not apply." Jennings Buick, Inc. v. Cincinnati (1980),63 Ohio St.2d 167, 171. Whether sufficient evidence has been established to warrant application of the rule is a question of law left to the trial court. Hake v. George Wiedemann Brewing Co. (1970), 23 Ohio St.2d 65,67. Moreover, in a medical malpractice case, the res ipsa loquitur instruction cannot be based solely on unsuccessful treatment or a poor medical outcome. Oberlin v. Friedman (1965), 5 Ohio St.2d 1, 8.
 {¶ 22} Golden argues that an instruction for res ipsa loquitur should have been given to the jury regarding her missing labial tissue and the pulling of her labial tissue into the vagina. However, Golden fails to meet the second prong of the res ipsa loquitur test. Golden's expert, Dr. Essig stated that healing can be more difficult with a tear because tissue can die and a subsequent tear could develop if the laceration does not heal properly. Dr. Essig also testified that even if the standard of care is met, there could be uneven pulling of the sutures during the healing process.
 {¶ 23} Wirts testified that the sutures that Heckler put in were adequate and appropriate. Wirts also testified that even if a tear is sutured appropriately, the swelling associated with a tear could cut off oxygen in the blood and result in the death of tissue. Furthermore, Wirts testified that there were multi-nucleated giant cells and bone tissue present in Golden's vagina which indicate abnormal healing. Finally, Wirts testified that as tissue heals it pulls toward the area with the least resistance, which would be the inside of her vagina.
 {¶ 24} Based on the foregoing testimony, we find that the record contains evidence of more than one equally efficient and probable cause of Golden's injury, at least one of which would not be attributable to the negligence of defendants. As a result, an instruction on res ipsa loquitur was not appropriate. Consequently, Golden's fourth assignment of error is overruled and the judgment of the trial court is affirmed.
 Judgment affirmed. BRYANT, P.J., and WALTERS, J., concur.
[1] In a case where there is more than one defendant, the trial court may allow each defendant to exercise its own preemptory challenges as was done in this case.