{¶ 22} I concur with the majority and write separately to address the issue of res ipsa loquitur. The Ohio Supreme Court stated:
 "Where it has been shown by the evidence adduced that there are two equally efficient and probable causes of the injury, one of which is not attributable to the negligence of the defendant, the rule of res ipsa loquitur does not apply. In other words, where the trier of the facts could not reasonably find one of the probable causes more likely than the other, the instruction on the inference of negligence may not be given." Jennings Buick, Inc. v. Cincinnati (1980), 63 Ohio St.2d 167, 171, citations omitted.
 {¶ 23} The expert report which Lambert submitted showed that there were two equally possible causes of Lambert's injury — one a product defect and the other medical negligence. Because there existed an equally plausible cause for Lambert's injury, not attributable to medical negligence, res ipsa loquitur did not apply. Therefore, I agree to affirm the trial court's decision.