[Cite as *Donely v. Ohio Dept. of Transp.*, 2010-Ohio-2184.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ISREAL DONELY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-08292-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On February 11, 2009, at approximately 10:15 p.m., plaintiff, Isreal Donley, was traveling south on Interstate 75 in Butler County through a construction zone, when his 1999 Chevrolet Monte Carlo was struck by a construction sign that had blown from the roadside into the path of the vehicle. The wind blown sign caused substantial body damage to plaintiff's car. Plaintiff asserted the damage to his automobile was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in maintaining a sign in a roadway construction area. Plaintiff filed this complaint seeking to recover $2,039.03, the estimated cost of automotive repairs needed resulting from the February 11, 2009 property damage incident. The filing fee was paid.

{¶ 2} Along with his complaint, plaintiff submitted a copy of a "Traffic Crash Report" he filed with the Ohio State Highway Patrol (OSHP) in connection with the February 11, 2009 damage occurrence. The OSHP compiler of the report (filed on February 13, 2009) recorded "[t]he date, time, and area in which the crash (occurred) was experiencing extremely high wind gusts throughout the day and night." Weather

conditions at the time of the incident recorded on the OSHP report included the notation, "severe crosswinds." the OSHP report contained a handwritten witness statement from plaintiff, who acknowledged "[t]he weather was rain and high winds about 10:15 that night." In his statement, plaintiff recalled "my car was struck by a city work sign after the sign had hit another vehicle."

{¶ 3} Defendant acknowledged that the area where plaintiff's described damage event occurred was located within a construction zone maintained by ODOT contractor, John R. Jurgensen Company (Jurgensen). Defendant related the construction "project dealt with widening of I-75 between Cincinnati-Dayton Road and SR 122 in Butler and Warren Counties" between mileposts 21.0 and 32.0. From plaintiff's description, defendant located the particular property damage occurrence at milepost 27.5. Defendant asserted Jurgensen, by contractual agreement, was responsible for maintaining the roadway within the construction area and bore responsibility for any damage occurrences or mishaps within the project limits. Therefore, ODOT argued Jurgensen is the proper party defendant in this action, despite the fact that all construction work was to be performed in accordance with ODOT requirements, specifications, and approval. Defendant also pointed out that an ODOT Project Engineer maintained an onsite presence. Defendant implied that all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway.

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such

burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the road in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. Alternatively, defendant denied that neither ODOT nor Jurgensen had notice of a problem with a sign at milepost 27.5. Defendant related that ODOT "records indicate that no calls or complaints were received regarding loose signs prior to Plaintiff Donley's incident." Defendant contended plaintiff failed to prove ODOT maintains the roadway negligently or that his property damage was attributable to any conduct on either the part of ODOT or Jurgensen.

{¶ 7} Defendant pointed out there is substantial evidence that high winds were prevalent in the area from 4:00 p.m. February 11, 2009 into the next morning.

Defendant contended plaintiff's damage was therefore caused solely by a force of nature and no negligence on either the part of ODOT or Jurgensen attributed to the damage claimed.

{¶ 8} Plaintiff filed a response asserting that his property damage was the result of a failure on the part of defendant's contractor to secure the sign "to the ground properly." Plaintiff acknowledged high wind conditions existed on the night of his property damage event, but argued the damage to his vehicle would not have occurred but for negligent sign maintenance on the part of ODOT's contractor. Plaintiff did not submit any evidence to establish the damage-causing sign was not properly installed according to ODOT specifications.

{¶ 9} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm to the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public both under normal traffic conditions and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462; *Rhodus*, 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 10} Ordinarily in a claim involving roadway defects, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Although defendant's contractor created certain conditions by installing a sign, plaintiff has to prove defendant's agents created a dangerous condition when the sign was anchored. Plaintiff has seemingly contended that the damage to his car would not have occurred under such circumstances had ordinary care been observed in regard to sign installation.

{¶ 11} Res ipsa loquitur has been defined as a "rule of evidence which permits the trier of fact to infer negligence on the part of defendant from the circumstances surrounding the injury to plaintiff." *Hake v. Wiedemann Brewing co.* (1970), 23 Ohio St. 2d 65, 66, 52 O.O. 2d 366, 363 N.E. 2d 703. The doctrine is applicable where the instrumentality that caused the injury was, either at the time of the injury or at the time of the creation of the condition causing the injury, (1) under the exclusive management and control of defendant, and (2) the injury would not have occurred if ordinary care had been observed. *Hake*, at 66-67.

{¶ 12} The doctrine has limited application, however, as stated in *Jennings Buick, Inc. v. Cincinnati* (1980), 63 Ohio St. 2d 167, at 172, 17 O.O. 3d 102, 406 N.E. 2d 1385:

{¶ 13} "The maxim res ipsa loquitur relates merely to negligence prima facie and is available without excluding all other possibilities, but it does not apply where there is direct evidence as to the cause, or where the facts are such that an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as that it was due to his negligence. * * *"

{¶ 14} "Where it has been shown by the evidence adduced that there were two equally efficient and probable causes of the injury, one of which is not attributable to the negligence of defendant, the rule of res ipsa loquitur does not apply." *Jennings*, at 171. Where the trier of fact cannot reasonably find one of the probable causes more likely than the other the doctrine of res ipsa loquitur is inapplicable. *Jennings*.

{¶ 15} Assuming plaintiff's car was damaged by a sign maintained by Jurgensen and subject to ODOT inspection, the doctrine of res ipsa loquitur does not apply to the facts of the instant claim. Evidence has shown that high velocity winds were present in the area for several hours on February 11, 2009. Plaintiff acknowledged his car was struck by a wind blown sign. Plaintiff did not provide any evidence to suggest the sign was in disrepair or improperly installed. It is well settled Ohio law that if an "Act of God" is so unusual and overwhelming as to do damage by its own power, without reference to and independently of any negligence by defendant, there is no liability. *Piqua v. Morris* (1918), 98 Ohio St. 42, 49, 120 N.E. 300. The term "Act of God" in its legal significance, means any irresistible disaster, the result of natural causes, such as earthquakes, violent storms, lightening and unprecedented floods. *Piqua*, at 47-48. In refusing to apply the doctrine of res ipsa loquitur to the facts of the instant claim, the

court finds plaintiff's damage could have been proximately caused by a force of nature, high velocity wind gusts, as opposed to any negligent act or omission on the part of defendant or its agents.

{¶ 16} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Plaintiff has failed to offer proof that his property damage was connected to any conduct under the control of defendant, that defendant was negligent in maintaining the construction area, or that there was any negligence on the part of defendant or its agents. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ISREAL DONLEY

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-08292-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Isreal Donley
305 Kenilworth
Dayton, Ohio  45405

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
1/26
Filed 2/18/10
Sent to S.C. reporter 5/14/10