[Cite as *Ohio Bell Tel. Co. v. Eclipse Cos.*, 2015-Ohio-4005.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| THE OHIO BELL TELEPHONE COMPANY | | C.A. No.     27599 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO CASE No.     14CVF3597 |
| ECLIPSE COMPANIES | | |
| Appellee | | |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2015

HENSAL, Presiding Judge.

{¶1}     The Ohio Bell Telephone Company appeals an order of the Akron Municipal Court that granted summary judgment to Eclipse Companies on its negligence and trespass claims. For the following reasons, this Court reverses.

I.

{¶2}     On June 5, 2013, Aaron Gonzales, a construction inspector for Ohio Bell, received a call that one of the company's fiber cables had been damaged, causing an outage in its system. Mr. Gonzales drove out to where the outage started, a construction site near Buchtel high school. When he arrived, he entered the construction site through an open gate and saw that his company's cable had been removed from a telephone pole and was lying on the ground. He also saw that the pole to which it had been attached had been removed and was also on the ground. It was around 6:00 p.m., an hour since the outage was reported, and there were no

workers present. Upon closer inspection of the cable, he saw that it had not been cleanly cut, but had been mangled and ripped into pieces.

{¶3} Upon learning that Eclipse had been working at the construction site that day, Ohio Bell sued it for negligence and trespass, alleging that it was responsible for the damage to its cable. Eclipse moved for summary judgment, arguing that there was no evidence that its workers damaged the cable. In support of its motion, Eclipse submitted an affidavit from its foreman for the construction site, who averred that the cable was already on the ground when his company removed the telephone pole. He also averred that Eclipse did not detach the cable, that it did not instruct anyone to remove the cable, and it did not know who had removed the cable from the pole.

{¶4} Ohio Bell opposed Eclipse's motion, arguing that there was a question of fact about who removed the cable from the telephone pole. In support of its motion, it submitted an affidavit from one of the project managers for the construction site, who averred that Eclipse was the only contractor working in the area where the cable was damaged.

{¶5} The trial court granted summary judgment to Eclipse. It determined that Ohio Bell's negligence claim required the application of the doctrine of res ipsa loquitur and concluded that Ohio Bell could not establish that Eclipse was in exclusive control of the instrumentality that caused damage to the cable. Specifically, the court wrote that the record indicated that there were others on the property at the time of the outage, including electrical contractors. With respect to Ohio Bell's trespass claim, it concluded that, as a contractor for the project, Eclipse was lawfully on the premises and that it did not commit an intentional act on Ohio Bell's property. Ohio Bell has appealed, assigning three errors.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF ECLIPSE COMPANIES WHEN THE RECORD DEMONSTRATED THAT GENUINE ISSUES OF MATERIAL FACT STILL EXISTED AND REASONABLE MINDS COULD COME TO DIFFERING OUTCOMES.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY APPLYING A RES IPSA LOQUITOR STANDARD WHEN GRANTING SUMMARY JUDGMENT IN FAVOR OF ECLIPSE COMPANIES. OHIO BELL'S COMPLAINT WAS FOR AN ACTION IN NEGLIGENCE AND DID NOT ADVANCE A THEORY OF NEGLIGENCE UNDER THE RES IPSA LOQUITOR DOCTRINE.

**{¶6}** Ohio Bell argues that the trial court incorrectly granted Eclipse summary judgment on its negligence claim because it cannot satisfy the prerequisites for the application of the doctrine of res ipsa loquitur. It also argues that there is a genuine issue of material fact about who removed its cable from the telephone pole.

**{¶7}** Under Civil Rule 56(C), summary judgment is appropriate if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

**{¶8}** In its motion for summary judgment, Eclipse argued that it was entitled to summary judgment on Ohio Bell's negligence claim because it was not responsible for removing the cable from the telephone pole. In support of its argument, it submitted an affidavit from the employee who removed the pole. He averred that he did not remove the cable, claiming that it was already on the ground when he arrived at the pole. In opposition to the motion, Ohio Bell submitted an affidavit from one of the construction site's project managers, who averred that Eclipse was the only contractor working in the vicinity of the cable. Ohio Bell argued that there was a genuine issue of material fact, therefore, about who damaged the cable.

**{¶9}** The doctrine of res ipsa loquitur is a method of proving a defendant's negligence through the use of circumstantial evidence. *Jennings Buick, Inc. v. City of Cincinnati*, 63 Ohio St.2d 167, 170 (1980). It is an evidentiary rule that allows the trier of fact to draw an inference of negligence. *Id*. at 169. "To warrant application of the rule a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed." *Hake v. George Wiedemann Brewing Co.*, 23 Ohio St.2d 65, 66-67 (1970). The doctrine of res ipsa loquitur "allows a common sense appraisal of the circumstances surrounding an unusual accident, permitting a jury to draw the obvious conclusion that the accident was the defendant's fault and requiring the defendant to explain why the accident was not his fault." *Estate of Hall v. Akron Gen. Med. Ctr.*, 125 Ohio St.3d 300, 2010-Ohio-1041, ¶ 17.

**{¶10}** Eclipse did not argue in its motion that it was entitled to summary judgment because Ohio Bell could not satisfy the requirements for the doctrine of res ipsa loquitur. This Court has recognized that a trial court may not grant summary judgment to a party on a ground that it did not raise. *Thomas v. Bauschlinger*, 9th Dist. Summit No. 27240, 2015-Ohio-281, ¶ 22, citing *Hunting Natl. Bank v. Calvert*, 9th Dist. Summit No. 25684, 2012-Ohio-2883, ¶ 20. This is because the non-moving party must be allowed a meaningful opportunity to respond to dispositive arguments. *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), syllabus. We, therefore, conclude that the trial court erred when it granted Eclipse summary judgment on Ohio Bell's negligence claim. Ohio Bell's first and second assignments of error are sustained.

ASSIGNMENT OF ERROR III

**{¶11}** THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF ECLIPSE COMPANIES AS TO COUNT TWO OF OHIO BELL TELEPHONE'S COMPLAINT, A CAUSE OF ACTION FOR CIVIL TRESPASS, DUE TO AN INACCURATE INTERPRETATION OF THE "UNAUTHORIZED, INTENTIONAL ACT" ELEMENT.

**{¶12}** Ohio Bell also argues that the trial court incorrectly granted summary judgment to Eclipse on its trespass claim. To prevail on a claim of civil trespass, Ohio Bell must establish that Eclipse "engaged in (1) an unauthorized intentional act and (2) entry upon land in the possession of another." *Henderson v. Glancy*, 9th Dist. Wayne No. 10CA0017, 2011-Ohio-1152, ¶ 6, quoting *DiPasquale v. Costas*, 186 Ohio App.3d 121, 2010-Ohio-832, ¶ 102; *see Baker v. Shymkiv*, 6 Ohio St.3d 151, 153 (1983).

**{¶13}** In its motion for summary judgment, Eclipse argued that it was entitled to judgment on Ohio Bell's trespass claim because it did not damage the cable. The trial court granted its motion because it agreed that Eclipse was lawfully at the construction site and, based

on the affidavit of Eclipse's foreman, it concluded that Eclipse did not commit an intentional act on Ohio Bell's property.

{¶14} We disagree with the trial court's assessment of the evidence. In its opposition brief, Ohio Bell presented circumstantial evidence that Eclipse was responsible for removing the cable from the telephone pole. "Circumstantial evidence can identify the individual who intentionally damaged property." *H. Park Partners, L.L.C. v. Frick*, 181 Ohio App.3d 691, 2009-Ohio-1462, ¶ 26 (6th Dist.). Upon review of the record, we conclude that there is a genuine issue of material fact regarding whether one of Eclipse's workers damaged the cable. Ohio Bell's third assignment of error is sustained.

### III.

{¶15} The trial court incorrectly granted Eclipse's motion for summary judgment. The judgment of the Akron Municipal Court is reversed, and this matter is remanded for further proceedings.

Judgment reversed,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, J.
CONCURS.

MOORE, J.
CONCURRING IN JUDGMENT ONLY.

{¶16} As there remain genuine issues of material fact precluding summary judgment, I concur in the judgment of this Court.

APPEARANCES:

WILLIAM H. HUNT and BRIAN M. BROCHETTI, Attorneys at Law, for Appellant.

ALAN B. GLASSMAN, Attorney at Law, for Appellee.