OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Rome et al., Appellees, v. Flower Memorial Hospital et al.,
Appellants.
Eager et al., Appellees, v. St. Vincent Medical Center et al.,
Appellants.
[Cite as Rome v. Flower Mem. Hosp. (1994),     Ohio St.3d    .]
Courts -- Limitation of actions -- Hospital employee's
      negligent use of hospital equipment while caring for a
      patient which results in injury to patient is a "medical
      claim" as defined in R.C. 2305.11.
The term "medical claim" as defined in R.C. 2305.11 includes a
      claim for a hospital employee's negligent use of hospital
      equipment while caring for a patient which allegedly
      results in an injury to the patient.
      (No. 93-1517 -- Submitted May 17, 1994 -- Decided August
3, 1994.)
      Certified by the Court of Appeals for Lucas County, No.
L-92-314.
      The two cases before us were judgments issued by the Lucas
County Court of Common Pleas which were consolidated on appeal
for review.  Appellees were injured in unrelated accidents
while hospital patients.  The trial court dismissed appellees'
actions as being beyond the statutory time limitation
established for medical claims.
      On September 13, 1989, appellee Barbara Rome was admitted
to appellant Flower Memorial Hospital ("Flower") complaining of
abdominal pains.  Rome was taken to the X-ray room by Flower
employees for a series of abdominal X-rays.  A student
radiological intern placed Rome on an X-ray table and tilted
her approximately forty-five degrees.  An X-ray technician
employed by Flower was also present at the time.  To hold a
patient in place while the table is slanted, it is necessary to
fasten a footboard at the bottom of the table.  Rome fell from
the radiology table, allegedly injuring her head, neck and
back.  On August 30, 1991, Rome and her husband brought suit
against Flower and the then-unnamed X-ray student attendant,
contending that they were negligent in not properly securing
the footboard to the X-ray table.
      Appellee Harold Eager was allegedly injured on June 19,

1989, when a component of his wheelchair collapsed as he was being transported from the physical therapy department while a patient at appellant St. Vincent Medical Center. Following standard practice, a hospital employee took Eager to and from the physical therapy department in a wheelchair. The physical therapy was ordered by Eager's physician as part of his recovery and rehabilitation necessitated by his total knee replacement surgery. On June 12, 1991, Eager and his wife brought suit against St. Vincent Medical Center.

In both cases, appellant hospitals requested summary judgment, arguing that appellees had failed to bring suit within the one-year time limitation established in R.C. 2305.11(B)(1). The trial court granted both motions. Pursuant to App.R. 3(B) the appeals were consolidated. The court of appeals reversed the decisions of the trial court.

The appellate court finding its decision to be in conflict with the decision of the Court of Appeals for Mahoning County in Raggazine v. St. Elizabeth Hosp. Med. Ctr. (Sept. 19, 1991), No. 90 C.A. 129, unreported, certified the record of the case to this court for final review and determination.

Newcomer & McCarter, C. Thomas McCarter and Gary E. Horn, for appellees Barbara and Eddie Rome.
Newcomer, Shaffer, Bird & Spangler and John S. Shaffer, for appellees Harold and Gladys Eager.
Robison, Curphey & O'Connell and James E. Brazeau, for appellants Flower Memorial Hospital and St. Vincent Medical Center.

Francis E. Sweeney, Sr., J.   The sole issue before this court is whether the term "medical claim" as defined in R.C. 2305.11 includes a claim for a hospital employee's negligent use of hospital equipment while caring for a patient which allegedly results in an injury to the patient. For the following reasons, we find that these cases involve "medical claims" and, accordingly, we reverse the judgments of the court of appeals.

Ordinarily a plaintiff has two years to file a lawsuit for personal injury (R.C. 2305.10). Nevertheless, if the injury is based on a "medical claim," the plaintiff has one year to file his action (R.C. 2305.11[B][1]). The term "medical claim" is defined in R.C. 2305.11(D)(3) as follows:

"'Medical claim' means any claim that is asserted in any civil action against a physician, podiatrist, or hospital, against any employee or agent of a physician, podiatrist, or hospital, or against a registered nurse or physical therapist, and that arises out of the medical diagnosis, care, or treatment of any person. 'Medical claim' includes derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person."

In Browning v. Burt (1993), 66 Ohio St.3d 544, 557, 613 N.E.2d 993, we recently recognized that the language of R.C. 2305.11 is readily understandable and that resort to legislative history is not needed to apply the statute. This court held that "care" as used in R.C. 2305.11(D)(3) (where the word is preceded by terms such as "physician," "hospital," "nurse," and "medical diagnosis") means "the prevention or

alleviation of a physical or mental defect or illness."  Id. The terms "medical diagnosis" and "treatment" relate to the "identification and alleviation of a physical or mental illness, disease, or defect."  Id.

Appellees Rome contend that the act of placing a patient upon a table for radiological purposes does not constitute "medical diagnosis, care, or treatment" within the meaning of R.C. 2305.11(D)(3), but is rather a claim of common-law negligence which should be governed by the two-year statute of limitations found in R.C. 2305.10 for bodily injury.  However, we find that the process of securing Barbara Rome to a radiology table is ancillary to and an inherently necessary part of the administration of the X-ray procedure which was ordered to identify and alleviate her medical complaints. Furthermore, at the time of her injury, Mrs. Rome was a patient at Flower and was being assisted by an employee of Flower, which employee was required to exercise a certain amount of professional expertise in preparing the patient for X-ray. Accordingly, we conclude that Rome's claim arises out of "medical diagnosis, care, or treatment" relating to the identification and alleviation of a physical or mental illness, disease, or defect.  Thus, her claim is a medical claim and is barred by the one-year statute of limitations, R.C. 2305.11(B)(1).

Appellee Harold Eager was a patient at St. Vincent Medical Center who was injured when his wheelchair collapsed while he was being transported from physical therapy.  This therapy was ordered by his physician as part of his rehabilitation from knee surgery.  Following standard practice, a hospital employee took Eager to and from the physical therapy department in a wheelchair.  Thus, we find that the transport of Eager from physical therapy was ancillary to and an inherently necessary part of his physical therapy treatment.  Furthermore, Eager was a patient of St. Vincent Medical Center and was assisted by an employee of St. Vincent who was required to use a certain amount of professional skill in transporting the patient in the wheelchair.  Clearly, this transport arose out of Eager's physical therapy treatment.  Accordingly, we conclude that Eager's injury resulted from his "care, or treatment" while at St. Vincent Medical Center and, thus, is a medical claim barred by the one-year statute of limitations, R.C. 2305.11(B)(1).

Accordingly, the judgment of the court of appeals is reversed.

                    Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas and Wright, JJ., concur.

Bowman and Pfeifer, JJ., dissent.

Donna Bowman, J., of the Tenth Appellate District, sitting for Resnick, J.

Pfeifer, J., dissenting.  I dissent from the majority's holding that these cases involve medical claims.  According to R.C. 2305.11(D)(3), a medical claim is a claim that "arises out of medical diagnosis, care, or treatment of any person," and the causes of the injuries in these two cases are at least one step removed from diagnosis, care, or treatment.  While being placed on an X-ray table and being transported in a wheelchair are tangentially related to medical care, they do not constitute medical care themselves.  A claim sounding in

negligence does not become a medical claim simply because the injury arises in a hospital.  Thus, I would hold that the two-year statute of limitations for personal injury actions applies to the claims brought in these cases.

Bowman, J., concurs in the foregoing dissenting opinion.