OPINION
{¶ 1} Plaintiff-appellant, Hans Leffler, appeals a decision of the Butler County Court of Common Pleas, granting summary judgment to defendants-appellees, Dr. John Burley and John and Alan Burley, DDS, Inc., in appellant's civil action for damages due to the loss of a portion of his moustache. We affirm the decision of the trial court.
 {¶ 2} On November 27, 2001, appellant went to Dr. Burley's dental office to have a tooth pulled. According to appellant, his moustache was intact when he went into the dental office. Dr. Burley used anesthesia to numb appellant's mouth and jaw and, according to the dentist, the tooth was pulled without any difficulty. Appellant left the dental office and returned to his pickup truck in the parking lot. Appellant claims that when he looked in the truck's rearview mirror, he noticed a dime-sized portion of his moustache was missing.
 {¶ 3} According to appellant, he waited until his next dental visit to say anything because he thought the moustache would grow back. However, he claims that the moustache did not grow back. Appellant's brief states that he and Dr. Burley "discussed the incident with such `enthusiasm' that this lawsuit began."
 {¶ 4} Appellant's complaint in this case was filed on May 1, 2003.[1] In his complaint, he alleged that the loss of his moustache has resulted in disfigurement, humiliation, medical costs and other damages. In his answer, Dr. Burley denied that appellant's moustache was pulled out during the dental procedure.
Dr. Burley requested summary judgment on the basis that appellant's complaint was filed outside of the statute of limitations for dental malpractice. The trial court agreed and granted summary judgment to the dentist.
 {¶ 5} Appellant now appeals the trial court's determination that his complaint was filed beyond the statute of limitations for dental malpractice. He raises two assignments of error for our review.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "The Trial Court Erred by Granting Defendant's Motion for Summary Judgment in that the trial court assumed that the plaintiff's injury was a dental claim."
 {¶ 8} Assignment of Error No. 2:
 {¶ 9} "The trial court erred in dismissing plaintiff's Claims because plaintiff's injuries could not have been a dental claim since the defendant denied causing the injury during the dental operation or in care or treatment."
 {¶ 10} In his first assignment of error, appellant contends that the trial court erred in granting summary judgment because it assumed his complaint was a dental claim.
 {¶ 11} Summary judgment is appropriate pursuant to Civ.R. 56(C) when (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. WillisDay Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The party seeking summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claim. Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107. "[I]f the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate shall be entered against the nonmoving party." Id. Our standard of review on summary judgment is de novo. Jones v. Shelly Co. (1995),106 Ohio App.3d 440.
 {¶ 12} Chapter 2305 of the Ohio Revised Code contains statute of limitation provisions for various types of civil actions. The chapter defines a "dental claim" as "any civil action against a dentist, or against any employee or agent of a dentist, and that arises out of a dental operation or the dental diagnosis, care, or treatment of any person." R.C. 2305.11(D)(6). A dental claim must be brought within one year after the cause of action accrues. R.C. 2305.11(B). In this case, the statute of limitations began to run on November 27, 2001 when appellant realized that his moustache was missing. His complaint, filed on May 1, 2003, was outside of the one-year statute of limitations.
 {¶ 13} In his brief, appellant presents various arguments regarding why the pulling of moustache hairs should not be considered part of his dental treatment or dental operation. However, the terms "arising out of" and "diagnosis, care or treatment" have been found to encompass all aspects of medical and dental claims that are "ancillary to and inherently necessary part" of treatment. See Rome v. Flower Mem. Hosp.,70 Ohio St.3d 14, 16, 1994-Ohio-574. Thus, medical claims encompass activities related to the care or treatment of a patient, such as transportation, falls from recovery beds, and injuries due to instruments used in health care. See, e.g., id.; Cooke v.Sisters of Mercy (May 4, 1998), Butler App. No. CA97-09-181;Grubb v. Columbus Community Hosp. (1997), 117 Ohio App.3d 670;Raggazine v. St. Elizabeth Hosp. Med. Ctr. (Sept. 19, 1991), Mahoning App. No. 90 CA129.
 {¶ 14} Appellant's complaint alleged that Dr. Burley numbed appellant's mouth and face with an anesthetic, and "[d]uring the extraction of the tooth, the Defendant, Dr. John Burley, negligently pulled out a `dime' size portion out of Plaintiff Hans Leffler's mustache." We find that appellant's complaint is one alleging dental malpractice, as it alleges that negligence occurred during the extraction of the tooth.
 {¶ 15} Furthermore, any attempt to couch appellant's complaint as a cause of action other than dental malpractice, such as breach of contract or battery, must also fail. The applicable statute of limitations is determined from the gist of the complaint, not by the form of the pleading. Hibbett v.Cincinnati (1982), 4 Ohio App.3d 128, 131. "Malpractice by any other name still constitutes malpractice." Muir v. Hadler RealEstate Mgt. Co. (1982), 4 Ohio App.3d 89, 90. Malpractice "consists of `the professional misconduct of members of the medical profession and attorneys'" and may consist of either negligence or breach of contract. Id., quoting Richardson v.Doe (1964), 176 Ohio St. 370, 372. "It makes no difference whether the professional misconduct is founded in tort or contract, it still constitutes malpractice." Id. Appellant's first assignment of error is overruled.
 {¶ 16} In his second assignment of error, appellant contends that his claim could not have been a dental claim because Dr. Burley denied that the injury was caused during his treatment of appellant. Appellant argues that since Dr. Burley's affidavits and deposition deny that appellant's moustache was harmed during the dental operation, reasonable minds cannot agree that the injuries were the result of, or arise from, the dental operation.
 {¶ 17} Appellant's argument on this issue is somewhat confusing. He appears to be arguing that if we accept Dr. Burley's denial that appellant's moustache was harmed during the dental procedure, his claim is not a dental claim and not outside the statute of limitations. However, even if this court were to accept appellant's unusual argument, his claim would still fail because he has not alleged any other type of negligence outside of dental malpractice.
 {¶ 18} Closely related to this argument is appellant's contention that reasonable minds could come to the conclusion that appellant was injured in the dental office, but not during the dental operation. He claims that since Dr. Burley stated the moustache hairs were not pulled during the operation, it is reasonable that some other danger or method injured his moustache before he left the office. He claims that this must have occurred in the "non-malpractice universe of the office."
 {¶ 19} Again, even if we were to accept this highly imaginative argument, appellant has not alleged any type of tort, negligence or otherwise, that would support a cause of action against Dr. Burley. Appellant has not provided any allegation of how his missing moustache mysteriously disappeared outside of what occurred during the operation. There is no allegation that any events occurred in the waiting room or otherwise, outside of the tooth extraction, that would suffice to remove the claim from a dental malpractice claim to some other type of tort.
 {¶ 20} Appellant agues that res ipsa loquitur should apply to warrant an inference of negligence to get appellant to a jury. He claims that since he arrived with a whole moustache and departed with a damaged moustache, res ipsa loquitur should apply to cover the "unexplained happenings."
 {¶ 21} The res ipsa loquitur doctrine is a rule of evidence that permits a jury to infer negligence from the circumstances surrounding a plaintiff's injury. Jennings Buick, Inc. v.Cincinnati (1980), 63 Ohio St.2d 167. To use this doctrine, plaintiff must adduce evidence to support a conclusion that the instrumentality causing the injury was under the defendant's exclusive control. Eannottie v. Carriage Inn of Steubenville,155 Ohio App.3d 57, 2003-Ohio-5310, at ¶ 42.
 {¶ 22} However, again, appellant has not alleged any type of circumstances surrounding his injury to support his argument. Nowhere in his complaint or his appellate brief does he allege what instrumentality, other than the dental surgery, could have caused his moustache to vanish. While this court would agree that moustaches do not mysteriously become missing absent some type of causation or action, appellant's complaint does not allege any type of actions on the part of Dr. Burley, outside of what would qualify as dental malpractice, which would warrant an inference of negligence. Appellant's second assignment of error is overruled.
 {¶ 23} Judgment affirmed.
Powell and Valen, JJ., concur.
[1] We note that appellant first filed a complaint on May 16, 2002, but voluntarily dismissed the case on September 20, 2002, within the one-year statute of limitations.