OPINION
{¶ 1} Plaintiffs-appellants, Erin Hill and her parents, Donald and Debra Hill, appeal a decision of the Montgomery County Court of Common Pleas granting summary judgment against them and in favor of defendants-appellees, Primed Pediatrics and Dr. Anna Cata, with respect to appellants' negligence claim.
 {¶ 2} On June 12, 2002, Erin Hill, who was then 17 years old, went to an appointment she had with Dr. Anna Cata of Primed Pediatrics, in order to receive a meningitis immunization vaccination that she needed to attend the Ohio State University in the fall of 2002. When Erin arrived, she was brought into an examination room by Nurse Mary Lynn Voss. Voss did a finger prick on Erin to draw some blood for testing, and then gave her the vaccination. Voss made a notation on her chart and left the examination room.
 {¶ 3} Within two minutes after receiving the vaccination, Erin began to feel light-headed and nauseous. When she realized she was going to vomit, Erin stood up to go to the sink. The next thing Erin remembered was waking up on the examining room floor with Dr. Cata and Nurse Voss checking on her. As a result of her fall, Erin sustained injuries to her face, nose, teeth, head and neck.
 {¶ 4} On June 14, 2004, Erin and her parents, Donald and Debra Hill, filed a complaint against Primed Pediatrics, Dr. Cata, and Nurse Voss, alleging that Voss was negligent for failing to remain with Erin after giving her the meningitis immunization vaccination to ensure that she suffered no adverse reaction to the vaccination, and that Primed Pediatrics and Dr. Cata were responsible for Voss's negligence under a theory of respondeat superior. Erin sought compensation for her injuries, while Donald and Debra sought damages for lost wages while attending to Erin's care and for loss of Erin's consortium as a result of her injuries. Appellees filed an answer to appellants' complaint.
 {¶ 5} On October 5, 2004, appellees moved for summary judgment, arguing that: (1) appellants' complaint was time-barred because it was not brought within the one-year statute of limitations for medical claims contained in former R.C.2305.11(B)(1) [now R.C. 2305.113(A)]; and (2) appellants failed to present expert testimony to rebut Dr. Cata's sworn affidavit establishing that she and Nurse Voss met the applicable standards of care in these circumstances.
 {¶ 6} Appellants responded to appellees' summary judgment motion with a memorandum contra, arguing that: (1) their complaint was not untimely because their claim was governed by the two-year statute of limitations for bodily injury actions contained in R.C. 2305.10, as opposed to the one-year statute of limitations applicable to medical malpractice claims; and (2) appellants did not need to present expert testimony to support their claims because it was a matter of "common knowledge" that Nurse Voss should not have left Erin unattended after administering the meningitis immunization vaccination to her.
 {¶ 7} On February 2, 2005, the trial court issued a decision and entry granting appellees' motion for summary judgment.
 {¶ 8} Appellants, acting pro se, now appeal from the trial court's decision and entry, raising the following assignment of error:
 {¶ 9} "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS-APPELLEES ON THE BASIS THAT THE CAUSE OF ACTION ALLEGED IN THE COMPLAINT IS ONE OF MEDICAL MALPRACTICE, RATHER THAN ONE OF NEGLIGENCE."[1]
 {¶ 10} Appellants essentially argue that their cause of action was one for ordinary negligence rather than medical malpractice, and, therefore, the two-year statute of limitations contained in R.C. 2305.10(A), which governs bodily injury actions, should have been applied to this case, rather than the one-year statute of limitations contained in former R.C.2305.11(B) [now R.C. 2305.113], which governs medical malpractice claims.
 {¶ 11} We disagree with this argument.
 {¶ 12} A trial court may award summary judgment to a party that moves for it, if that party demonstrates that (1) there is no genuine issue of material fact remaining to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, with the nonmoving party being entitled to have the evidence construed most strongly in his or her favor.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. In this case, the trial court properly awarded summary judgment to appellees on appellants' claims.
 {¶ 13} Former R.C. 2305.11(B)(1), which was in effect on the date of Erin's accident provided, in pertinent part, "* * * [A]n action upon a medical * * * claim shall be commenced within one year after the action accrued[.]" Former R.C. 2305.11(D)(3) defined the term "medical claim" as meaning "any claim that is asserted in any civil action against a physician, * * * against any employee or agent of a physician, * * * or against a registered nurse * * * that arises out of the medical diagnosis, care, or treatment of any person. `Medical claim' includes derivative claims for relief that arise from the medical diagnosis, care or treatment of a person." Id.
 {¶ 14} Former R.C. 2305.11(D)(7) defined the term "derivative claims for relief" as "includ[ing], but * * * not limited to, claims of a parent * * * of an individual who was the subject of any medical diagnosis, care, or treatment * * * that arise from that diagnosis, care, [or] treatment, * * * and that seek the recovery of damages for any of the following:
 {¶ 15} "(a) Loss of society [or] consortium * * *;
 {¶ 16} "(b) Expenditures of the parent * * * for medical * * * care or treatment * * *
 {¶ 17} provided to the individual who was the subject of the medical diagnosis, care, or treatment[.]"
 {¶ 18} The provisions in former R.C. 2305.11(B)(1) and (D)(3) and (7) are now codified in R.C. 2305.113(A) and (E)(3) and (7), respectively.
 {¶ 19} In this case, appellants' claims were based on an allegation that Nurse Voss was negligent for leaving Erin unattended after administering a meningitis immunization vaccination to her. This claim clearly fits within the term "medical claim" as that term is defined in former R.C.2305.11(D)(3), since it is a claim that "arises out of the medical * * * care or treatment of any person." Therefore, pursuant to former R.C. 2305.11(B)(1), appellants were obligated to bring their action against appellees "within one year after the action accrued."
 {¶ 20} Appellants' cause of action accrued on June 12, 2002, the day of Erin's fall. However, because Erin was a juvenile at that time, appellants' cause of action did not accrue until she turned 18 years old on July 17, 2002. See R.C. 2305.16 (tolling of statute of limitations due to minority or unsound mind). Furthermore, former R.C. 2305.11(B)(1) [now R.C. 2305.113(B)] provides that a person who has a medical claim may extend the one-year statute of limitations by 180 days, by serving written notice on the person who is subject to that claim, prior to the expiration of the one-year period. In this case, however, appellants never provided such notice. Thus, appellants needed to bring their cause of action no later than July 17, 2003, or one year after Erin's 18th birthday. Because appellants did not bring their claims until June 14, 2004, the trial court was correct in finding that appellants' claims were barred under the applicable statute of limitations in former R.C. 2305.11(B)(1).
 {¶ 21} Appellants argue that their claim was not a claim for "medical malpractice," because the accident was not "the result of incorrect medication, improper administering of medication, nor physical reaction to the medication." Appellants argue that their claim is simply a claim for ordinary negligence "because the accident occurred on [appellees'] premises and the features of their service and furniture contributed to the severity of the injury. The fainting occurred in the [appellees'] office and the resulting injury was the result of being placed on an unnecessarily tall table rather than a chair that was in the room. And the nurse was careless for ignoring [Erin's] expression of concern about getting a shot after all these years."
 {¶ 22} Despite their protestations to the contrary, it is clear from appellants' own arguments that their claim falls squarely within the definition of the term "medical claim," as set forth in former R.C. 2305.11(D)(3). Furthermore, to the extent that appellants are now trying to focus attention on the furniture that was in appellees' examining room, we note that appellants did not raise this argument in the proceedings held in the trial court, and, therefore, have waived this argument for purposes of appeal. Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, 210.
 {¶ 23} Appellants also assert that the trial judge should have recused himself since he works closely with Judge Thomas Grady of the Second District Court of Appeals, and Judge Grady is the father of Dr. Cata. However, intermediate appellate courts such as this one have no jurisdiction to consider claims of bias against a trial judge; instead, such claims must be brought to the Chief Justice of the Ohio Supreme Court. See Beer v.Griffith (1978), 54 Ohio St.2d 440, 441-442.
 {¶ 24} Appellant's assignment of error is overruled.
 {¶ 25} The trial court's judgment is affirmed.
Walsh and Young, JJ., concur.
 JUDGMENT ENTRY
The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Montgomery County Court of Common Pleas for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
[1] Appellants actually failed to raise a formal assignment of error in their brief. As a result, appellees moved to strike appellants' brief. This court declined to do so, after recognizing that appellants were acting pro se and therefore were entitled to some latitude. Therefore, we accepted appellants' brief, stating that we would construe it as raising the assignment of error set forth above.