OPINION
{¶ 1} Plaintiff, James Davis, appeals from an order denying his Civ.R. 60(B) motion for relief from summary judgment in favor of DefendantUpper Valley Medical Center ("Upper Valley").
 {¶ 2} On December 20, 2004, Davis filed an action against *Page 2 Upper Valley and "Jane Doe", alleging that Davis suffered severe burnsto his lower back on December 18, 2002, which proximately resulted fromthe negligent act or omission of Jane Doe, a.k.a. "Nicole", who was thenan employee in Upper Valley's physical therapy department. In itsAnswer, Upper Valley asserted one-year statute of limitations formedical and hospital malpractice claims as an affirmative defense.
 {¶ 3} On July 7, 2005, the trial court issued a scheduling order (Dkt.7) that, inter alia, established a trial date and set February 14, 2006as the deadline for filing motions for summary judgment. The schedulingorder also cited Miami County Local Rule 3.04 for the deadline forresponding to any motions for summary judgment.
 {¶ 4} Upper Valley moved for summary judgment on September 20, 2005.(Dkt. 13). As grounds, the motion argued that Davis failed to file hismedical claim within the one-year statute of limitations in R.C.2305.113(A). Davis did not respond to the motion. On October 19, 2005,the trial court granted Upper Valley's motion for summary judgment.
 {¶ 5} On November 16, 2005, Davis filed a motion for relief fromjudgment pursuant to Civ. R. 60(B), which the trial court overruled.Davis filed a timely notice of appeal.
ASSIGNMENT OF ERROR *Page 3 {¶ 6} "THE TRIAL COURT ERRED BY GRANTING DEFENDANT UPPER VALLEYMEDICAL CENTER'S MOTION FOR SUMMARY JUDGMENT, CIVIL RULE 56 ANDSUBSEQUENTLY OVERRULING PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT,CIVIL RULE 60(B)."
 {¶ 7} The standard of review of a trial court's decision on a Civ. R.60(B) motion is an abuse of discretion standard. Tidwell v.Quaglieri, Greene App. No. 06-CA-0036, 2007-Ohio-569, _21. "The term`abuse of discretion' connotes more than an error of law or judgment; itimplies that the court's attitude is unreasonable, arbitrary orunconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219(citations omitted).
 {¶ 8} Civ. R. 60(B) provides that "On motion and upon such terms asare just, the court may relieve a party or his legal representative froma final judgment, order or proceeding for the following reasons: (1)mistake, inadvertence, surprise or excusable neglect; . . . or (5) anyother reason justifying relief from the judgment. . . ."
 {¶ 9} To prevail on a Civ. R. 60(B) motion, the movant mustdemonstrate that: "(1) the party has a meritorious defense or claim topresent if relief is granted; (2) the party is entitled to relief underone of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) themotion is made *Page 4 within a reasonable time, and, where the grounds of relief are Civ. R.60(B)(1), (2) or (3), not more than one year after the judgment, orderor proceeding was entered or taken." GTE Automatic Electric, Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, 150-51, 351 N.E.2d 113(citations omitted).
 {¶ 10} The trial court held that Davis could not demonstrate that hehad a meritorious claim if relief was granted, because the statute oflimitations had run on his claim against Upper Valley. We agree.
 {¶ 11} At the time Davis was injured, R.C. 2305.11(B)(1) provided that"an action upon a medical . . . claim shall be commenced within one yearafter the cause of action accrued, except that, if prior to theexpiration of that one-year period, a claimant who allegedly possesses amedical . claim gives to the person who is the subject of that claimwritten notice that the claimant is considering bringing an action uponthat claim, that action may be commenced against the person notified atany time within one hundred eighty days after the notice is given."
 {¶ 12} R.C. 2305.11 was revised on April 11, 2003. At the time Davisfiled his complaint, R.C. 2305.113(A) provided that "an action upon amedical . . . claim shall be commenced within one year after the causeof action accrued." R.C. *Page 5 2305.113(B)(1) provided for a 180-day notice provision similar to whatwas contained in former R.C. 2305.11(B)(1).
 {¶ 13} "`Medical claim' means any claim that is asserted in any civilaction against a physician, podiatrist, or hospital, against anyemployee or agent of a physician, podiatrist, or hospital . . . and thatarises out of the medical diagnosis, care, or treatment of any person.`Medical claim' includes derivative claims for relief that arise fromthe medical diagnosis, care, or treatment of a person." R.C.2305.11(D)(3) (2002); see also R.C. 2305.11(E)(3) (2003).
 {¶ 14} Davis alleged in his complaint that he was injured when anemployee of Upper Valley "performed and/or administeredtherapy/therapeutic devices upon [him]." (Dkt. 1, _6). "The term`medical claim' as defined in R.C. 2305.11 includes a claim for ahospital employee's negligent use of hospital equipment while caring fora patient which allegedly results in an injury to the patient."Rome v. Flower Memorial Hosp., 70 Ohio St.3d 14, 1994-Ohio-574, atparagraph one of the syllabus.
 {¶ 15} Davis argues that his claim should be subject to a two-yearstatute of limitations rather than a one-year statute of limitations.Davis fails to cite any authority for his position. See: Hill v. PrimedPediatrics, Montgomery App. *Page 6 No. 20947, 2006-Ohio-2405, ¶ 19, applying the one-year statute oflimitations contained in former R.C. 2305.11(B)(1). Further, Davisstates that "Plaintiff does not believe that the statute in effect onthe date of filing was the applicable statute in effect on the date ofinjury." Davis cites no support for his belief. The relevant statutes ineffect at the time of injury and at the time of filing of the complaintboth provided for a one-year statute of limitations on medicalclaims.
 {¶ 16} A party seeking to vacate a summary judgment pursuant to Civ.R.60(B) must at least proffer evidence that could have rebutted thegrounds offered in support of a summary judgment, had the evidence beenoffered in opposition to the motion for summary judgment. Dysert v.State Auto Mutual Insurance Co. (April 23, 1999), Miami App. No. 98CA46.Davis did not present any evidence in support of his Rule 60(B) motiondemonstrating that there was a genuine issue of material fact as to whenthe statute of limitations began to run. On this record, we cannot findthat the trial court erred in finding that the one-year statute oflimitations had expired before Davis commenced his action against UpperValley.
 {¶ 17} Davis also argues that there is a conflict between *Page 7 Civ. R. 56(C) and Miami County Local Rule 3.04 that denied Davisprocedural and substantive due process. Civ. R. 56(C) provides, inrelevant part: "The [summary judgment] motion shall be served at leastfourteen days before the time fixed for hearing. The adverse party,prior to the day of hearing, may serve and file opposing affidavits. . .." Local Rule 3.04 provides "Unless otherwise ordered by court, motionsfor summary judgment shall be heard on briefs and other materialsauthorized by Civil Rule 56(C) without oral arguments twenty days afterfiling of the motion with the Clerk. . . ."
 {¶ 18} There is no conflict between these two rules. A trial court isnot required to schedule an oral hearing on every motion for summaryjudgment. Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8,2003-Ohio-4829, _14. Therefore, trial courts routinely schedule non-oralhearings in order to establish deadlines for filing oppositions tosummary judgment motions. "[A] trial court need not notify the partiesof the date of consideration of a motion for summary judgment or thedeadlines for submitting briefs and Civ. R. 56 materials if a local ruleof court provides sufficient notice of the hearing date or submissiondeadlines." Id. at _33.
 {¶ 19} Miami County Local Rule 3.04 sets the date for hearing on amotion for summary judgment as twenty days after *Page 8 filing of the motion with the clerk. This local rule gave Davis"notice of the date after which a summary judgment motion will bedecided, as well as the deadline for a response to such motion."Slack v. Burton (June 9, 2000), Miami App. No. 99CA42. That isconsistent with Civ. R. 56(C), which provides that the summary judgmentmotion must be served at least fourteen days before the hearing and thatDavis had until the date of hearing to oppose the motion for summaryjudgment. Davis failed to oppose the motion for summary judgment priorto the hearing date set in Miami County Local Rule 3.04, and the trialcourt properly granted summary judgment after the twenty daysexpired.
 {¶ 20} Finally, Davis argues that the last paragraph of Local Rule3.04 precludes the trial court from granting a motion for summaryjudgment once a case has been set for pretrial. The last paragraph ofLocal Rule 3.04 provides: " In the absence of a pretrial order settingdeadlines for the filing of motions for summary judgment, no motion forsummary judgment shall be filed in any case after it has been set forpretrial or trial without leave of the Trial Judge first obtained, whomay establish the times for filing of briefs and submissions of themotion." (Emphasis supplied.)
 {¶ 21} By its own terms, the last paragraph of Local Rule *Page 9 3.04 applies only where there is no pretrial order setting deadlinesfor the filing of motions for summary judgment. But the trial court didissue a scheduling order that set a deadline for the filing of a motionfor summary judgment. Consequently, the fact that the case had been setfor trial or pretrial does not preclude the filing of a motion forsummary judgment within the deadline provided for in the July 7, 2005scheduling order, without leave of court.
 {¶ 22} The assignment of error is overruled. The judgment of the trialcourt will be affirmed.
 WOLFF, J. and DONOVAN, J., concur.
 Copies mailed to:
 Richard S. Davis, Esq.
 Susan Blasik-Miller, Esq.
 Kelly M. Schroeder, Jr., Esq.
 Hon. Jeffrey M. Welbaum *Page 1