[Cite as *Austin v. OhioHealth Mansfield Hosp.*, 2025-Ohio-4932.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JANET M. AUSTIN | Case No. 2025 CA 0027 |
| Plaintiff - Appellant | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Mansfield Municipal Court, Case No. 2024-CVH-00942 |
| OHIOHEALTH MANSFIELD HOSPITAL | Judgment: Affirmed |
| Defendant – Appellee | Date of Judgment Entry: October 28, 2025 |

**BEFORE:** Craig R. Baldwin, William B. Hoffman, David M. Gormley, Appellate Judges

**APPEARANCES:** Austin Murray, Murray Law and Technology Group, LLC, for Plaintiff-Appellant; Bobbie S. Sprader, Karin M. Long, Zachary R. Hoover, Terri Gregori, Dinsmore & Shohl, LLP, for Defendant-Appellee

OPINION

*Hoffman, J.*

**{¶1}** Plaintiff-appellant Janet M. Austin appeals the March 11, 2025 Judgment Entry entered by the Mansfield Municipal Court, which granted summary judgment in favor of defendant-appellee OhioHealth Mansfield Hospital ("OhioHealth").

STATEMENT OF THE FACTS AND CASE

**{¶2}** On January 16, 2024, Appellant, who was then 92 years old, was admitted to MedCentral due to a Clostridioides difficile, or C. diff, infection. June 5, 2024 Amended Complaint at ¶ 4. Appellant's medical condition required her to be isolated to prevent the spread of the infection. *Id.* Appellant was not permitted to leave her hospital room. *Id.* Only hospital staff was permitted to enter her room. Her visitors were limited to her two daughters and son-in-law. *Id.*

**{¶3}** At some point during the course of her admission, Appellant discovered her iPhone was missing. Appellant immediately notified hospital staff, however, the phone was never located. Following her discharge on January 23, 2024, Appellant and her daughters pursued OhioHealth's administrative process in an attempt to recover her iPhone. *Id.* at ¶ 7. OhioHealth refused to compensate Appellant for the amount of her claimed loss of her iPhone.

**{¶4}** On April 9, 2024, Appellant filed a complaint in the Mansfield Municipal Court, Small Claims Division, against OhioHealth and Shelby Hospitals. Appellant sought reimbursement for the replacement cost of her iPhone. On May 24, 2024, after OhioHealth and Shelby Hospitals filed an answer and jury demand, the matter was transferred to the general civil docket of the Mansfield Municipal Court.

{¶5} On June 5, 2024, Appellant filed an amended complaint with a jury demand, asserting claims for negligence, bailment, and conversion. On June 18, 2024, OhioHealth and Shelby Hospitals filed an answer as well as a counterclaim for attorney fees. Appellant filed a motion to dismiss the counterclaim and a motion for attorney fees. On July 15, 2024, OhioHealth and Shelby Hospitals filed a motion for judgment on the pleadings and a combined memorandum contra Appellant's motion to dismiss the counterclaim and motion for attorney fees. Appellant filed separate replies to the combined memorandum contra. On July 31, 2024, OhioHealth and Shelby Hospitals filed a reply memorandum in support of the motion for judgment on the pleadings.

{¶6} On August 8, 2024, the trial court issued an order granting Appellant's motion for doctrine of misnomer to correct the name from "OhioHealth Shelby Hospital" to "OhioHealth Mansfield Hospital."[1] Following the August 8, 2024 Order, the caption changed to "Janet Austin v. OhioHealth Mansfield Hospital."

{¶7} Via Order filed October 11, 2024, the trial court granted OhioHealth's motion for judgment on the pleadings with respect to Appellant's bailment and conversion claims. However, the trial court stated, **"[Appellant's] first claim relying on the theory of negligence will be allowed to proceed at this time,** with an understanding there will be no instruction as to the inapplicable doctrine of *res ipsa loquitur*." (Bold in original.) October 11, 2024 Order at p. 2, unpaginated.

{¶8} On January 21, 2025, OhioHealth filed a motion for summary judgment, arguing there was no genuine issue of material fact as to whether OhioHealth was negligent in regard to the loss of Appellant's iPhone. Appellant filed a response on

---

[1] Until this point in the proceedings, the trial court and the parties had captioned entries, orders, pleadings, etc. as "Janet Austin v. OhioHealth and Shelby Hospitals."

February 12, 2025. OhioHealth filed a reply in support of summary judgment on February 19, 2025. Appellant filed a motion for partial summary judgment on liability and for $914.80, in "undisputed economic damages" on March 6, 2025.

**{¶9}** Via Order issued March 11, 2025, the trial court granted OhioHealth's motion for summary judgment and denied Appellant's motion for partial summary judgment. The trial court found "the relevant facts are not only uncontroverted, but relatively simple: while receiving inpatient medical care at [OhioHealth], a phone belonging [to Appellant] came up missing." March 11, 2025 Order at p. 2, unpaginated. The trial court noted, "Anything beyond this is pure conjecture, and mere speculation and unsupported conclusory assertions aren't sufficient to show a genuine issue exists. *Knab v. Wash. Cnty. Bd. Of Commissioners*, 2024-Ohio-1569, P38 (4th Dist.)." *Id*.

**{¶10}** It is from this judgment entry Appellant appeals, raising the following assignments of error:

I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE ON APPELLANT'S NEGLIGENCE CLAIM, AS GENUINE ISSUES OF MATERIAL FACT EXISTED AND/OR THE JUDGMENT WAS INAPPROPRIATE AS A MATTER OF LAW.

II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A *RES IPSA LOQUITUR* INSTRUCTION DESPITE EVIDENCE FROM WHICH A JURY COULD FIND THE ESSENTIAL ELEMENTS OF *RES IPSA LOQUITUR* SATISFIED.

III. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CONVERSION CLAIM ON THE PLEADINGS.

I

{¶11} In her first assignment of error, Appellant contends the trial court erred in granting summary judgment in favor of OhioHealth as genuine issues of material fact exist on her negligence claim. We disagree.

*Standard of Review*

{¶12} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶13} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶14} The party moving for summary judgment bears the initial burden of demonstrating the absence of genuine issues of material facts concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996).

The moving party must support the motion by pointing to some evidence in the record of the type listed in Civil Rule 56(C). *Id.* at 292-293, 662 N.E.2d 264. However, the moving party need not support its motion for summary judgment with evidence negating his opponent's claim, but may simply point out that there is an absence of evidence to support the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also R & R Plastics, Inc. v. F.E. Myers Co.*, 92 Ohio App.3d 789, 807 (6th Dist. 1993).

{¶15} If the moving party satisfies this burden, then the non-moving party has the reciprocal burden to demonstrate a genuine issue for trial remains. *Dresher*, 75 Ohio St.3d at 293. The nonmoving party may not rest upon the mere allegations or denials in her pleadings but must point to or submit evidence of the type specified in Civ.R. 56(C). *Id.*; Civ.R. 56(E). Types of evidence specified in Civ.R. 56 (C) are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C).

*Negligence*

{¶16} In order to establish an actionable claim of negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury which was proximately caused by the breach. (Citation omitted.) *Rieger v. Giant Eagle, Inc.*, 2019-Ohio-3745, ¶ 10. The failure to prove any one of these elements is fatal to a claim of negligence. *Id*. "The common-law duty of due care is that degree of care which an ordinarily reasonable and prudent person exercises, or is accustomed to exercising under the same or similar circumstances." *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989).

*Analysis*

**{¶17}** Appellant contends genuine issues of material fact exist as to whether the loss of her iPhone was foreseeable and whether hospital staff acted with reasonable care in searching for her iPhone after it went missing. Appellant submits, because "[t]he existence of a duty depends on the foreseeability of the injury," *Menifee v. Ohio Welding Prod., Inc.*, 15 Ohio St.3d 75, 77 (1984), and the loss of her iPhone was foreseeable given her medical conditions, the nursing staff had a duty to ensure her iPhone was kept safe.

**{¶18}** Even if we were to agree with Appellant's view the loss of her iPhone was foreseeable, we do not find hospital staff acted unreasonably in attempting to locate her iPhone after it was lost. OhioHealth was keenly aware personal belongings could be lost or stolen while a patient was in their care and provided options for the safekeeping of such. Appellant chose not to take advantage of those options.

**{¶19}** When Appellant was admitted to OhioHealth, her daughter, Karen Murray, acting as her personal representative, signed a consent for treatment form. The form included a disclaimer which indicated OhioHealth was not responsible for lost or stolen personal property Appellant chose to keep with her while in the hospital. In addition, Nurse Benjamin Cramer, who was working in the Emergency Department of Mansfield Hospital on the day Appellant was admitted, personally asked Appellant if she wanted to send any of her personal belongings to the hospital's safe/protective services, but Appellant declined. See, Affidavit of Benjamin Cramer, R.N., attached as Exhibit E, Motion of OhioHealth and OhioHealth Mansfield Hospital for Summary Judgment. During her deposition, Appellant could not recall the conversation with hospital staff regarding her personal belongings. However, Appellant stated, even if someone asked if she

wanted her belongings sent to the safe or protective services, she would have declined to do so.

{¶20} Appellant was unaware of anyone at OhioHealth handling her iPhone. During her deposition, Appellant admitted she does not know what happed to cause the loss of her iPhone and could not name anyone who would know what happened to it. Appellant merely speculates what possibly happened to her iPhone, to wit: it was taken when soiled bedding was removed from her hospital bed; it was taken when her lunch tray was removed; or it was stolen. "Mere speculation and unsupported conclusory assertions are not sufficient" to meet the nonmovant's reciprocal burden to set forth specific facts to show a genuine issue exists. *Bank of New York Mellon v. Bobo*, 2015-Ohio-4601, ¶ 13 (4th Dist.), quoting *Loveday v. Essential Heating Cooling & Refrig., Inc.*, 2008-Ohio-4756, ¶ 9 (4th Dist.). Thus, " 'resting on mere allegations against a motion for summary judgment * * * is insufficient' " to defeat a properly supported summary judgment motion. *Jackson v. Alert Fire & Safety Equip., Inc.*, 58 Ohio St.3d 48, 52 (1991), quoting *King v. K.R. Wilson Co.*, 8 Ohio St.3d 9, 10–11, (1983).

{¶21} Once Appellant discovered her iPhone was missing and advised the nursing staff of the same, at least three members of the hospital staff diligently assisted her in searching the room. They also called the kitchen and the laundry, but her iPhone was not located. Appellant failed to point to any unreasonable act or failure on the part of OhioHealth or its staff which would establish a breach of the duty of reasonable care.

{¶22} Assuming, arguendo, Appellant can establish OhioHealth breached its duty of reasonable care, we find Appellant failed to present any evidence OhioHealth's breach was the proximate cause of the loss of her iPhone.

**{¶23}** "[I]n order to recover for a negligent act it is essential to show that it was a proximate cause of the result complained of." *Renfroe v. Ashley*, 167 Ohio St. 472, 475 (1958). The issue of proximate cause may be determined as a matter of law. *Reese v. Minor*, 2 Ohio App.3d 440, 441 (1st Dist. 1981). "Accordingly, if the plaintiff's evidence on the issue of proximate cause is so meager and inconclusive that a finding of proximate cause would rest solely on speculation and conjecture, the defendant is entitled to judgment as a matter of law." (Citations omitted.) *Thewlis v. Munyon*, 1994 WL 57787, *4 (9th Dist. Feb. 16, 1994).

**{¶24}** In her Brief to this Court, Appellant suggests a myriad of possibilities as to the cause of her lost iPhone: a nurse negligently removed the phone; the monitoring nurse failed to secure her iPhone; laundry staff, nursing staff, and administrators negligently searched for her iPhone; and OhioHealth failed to properly train its nurses to check for personal items prior to changing bedding. However, during her deposition, Appellant testified she had "no idea what happened to the phone." Deposition of Janet Austin, p. 11, attached as Exhibit A to Motion of OhioHealth and OhioHealth Mansfield Hospital for Summary Judgment. Appellant also confirmed no one knew what happened to her iPhone and "the staff tried so hard to find my phone." *Id*. at p. 12. Appellant merely guesses as to the cause of the loss of her iPhone. This speculation alone is insufficient to establish OhioHealth proximately caused her injury.

**{¶25}** Based upon the foregoing, we find Appellant failed to present sufficient evidence to create a genuine issue of material fact on her negligence claim and the trial court did not err in granting summary judgment in favor of OhioHealth.

**{¶26}** Appellant's first assignment of error is overruled.

{¶27} In her second assignment of error, Appellant maintains the trial court erred in denying her request for a res ipsa loquitur instruction.[2]

{¶28} "The doctrine of res ipsa loquitur is not a substantive rule of law furnishing an independent ground for recovery." *Jennings Buick, Inc. v. City of Cincinnati*, 63 Ohio St.2d 167, 169 (1980). Rather, the doctrine "is an evidentiary rule which permits, but does not require, a jury to draw an inference of negligence from circumstantial evidence." *King v. Emergency Med. Transport, Inc.*, 2024-Ohio-2542, ¶ 25 (5th Dist.), citing *Estate of Hall v. Akron Gen. Med. Ctr.*, 2010-Ohio-1041, ¶ 16. Thus, the doctrine "does not alter the nature of the plaintiff's claim in a negligence action; it is merely a method of proving the defendant's negligence through the use of circumstantial evidence." *Jennings Buick* at 170. The res ipsa loquitur rule is most often utilized in cases involving "falling objects, passenger common carriers, or other situations which presented a dangerous threat of serious injury or death." (Citation omitted.) *King* at ¶ 25. A plaintiff need not "specifically plead the doctrine in order to invoke it," and "specific allegations of negligence in the complaint [do not] foreclose reliance upon it." *Jennings Buick* at 169.

{¶29} Where the predicate conditions of res ipsa loquitur are established, the plaintiff is not required to offer affirmative evidence of the defendant's negligence, but may urge the factfinder to infer the defendant's negligence from the predicate conditions. *Torres v. Gentry*, 2007-Ohio-4781 (5th Dist.). "To warrant application of the rule a plaintiff

---

[2] The trial court's order there would be no instruction on res ipsa loquitur was advisory, only effective should the matter proceed to jury trial; therefore, such was interlocutory in nature. As such, Appellant's argument is arguably premature for review at this stage. Nevertheless, we shall address its possible application to the summary judgment determination.

must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed." *Hake v. George Wiedemann Brewing Co.*, 23 Ohio St.2d 65, 66-67 (1970).

**{¶30}** The Ohio Supreme Court has stressed this rule of evidence should only be utilized *when a defendant's negligence is the only reasonable inference from the facts*. (Emphasis added.) *King*, 2024-Ohio-2542 at ¶ 28, citing *Estate of Hall*, 2010-Ohio-1041; *Jennings Buick*, 63 Ohio St.2d at 169. When there is evidence presented to the jury which would allow the jury to find one or another potential cause of the injury is not attributable to the negligence of the defendant, res ipsa loquitur does not apply. (Citation omitted.) *Id*.

**{¶31}** Appellant argues, "The rule of *res ipsa loquitur* requires [OhioHealth] to present evidence to explain what occurred." Brief of Appellant at p. 39. Appellant relies on the First District Court of Appeals decision in *Shields v. King*, 40 Ohio App. 2d 77, 83 (1st Dist. 1973), in which the Court found:

> Under the doctrine, an inference of negligence is permitted from the mere happening of an accident where the defendant owes the duty and possesses the sole power of preventing the occurrence by the exercise of reasonable care and the means of explaining the cause are available to the defendant but inaccessible to the plaintiff. The doctrine arises from the inherent nature and character of the act causing the injury, and from the

probabilities reasonably to be inferred from the character of the accident itself. 39 Ohio Jurisprudence 2d 739, Negligence, Section 151.

*Id*. at 83.

**{¶32}** Appellant explains, "Applying the *Shields* holding to the case at bar, an inference of negligence would be permitted from the mere happening of the loss of Appellant's iPhone where [OhioHealth] owes the duty and possesses the sole power of preventing its loss by the exercise of reasonable care and the means of explaining the cause are available to [OhioHealth] and inaccessible to Appellant." Brief of Appellant at p. 39. We disagree.

**{¶33}** We find OhioHealth did not "possess the sole power of preventing the occurrence by the exercise of reasonable care. *Id*. The iPhone belonged to Appellant and was in her possession and control immediately before it was lost. OhioHealth did not have exclusive control of Appellant's property. We further find any alleged negligence on the part of OhioHealth is not the only reasonable inference which can be drawn from the facts in this case. There are other equally probable causes for the loss of Appellant's iPhone which are not attributable to the negligence of OhioHealth as identified by Appellant herself in her deposition. Accordingly, the doctrine of res ipsa loquitur is not applicable herein. "This is not a situation where it can be said 'the thing speaks for itself.' " *Estate of Hall*, 2010-Ohio-1041 at ¶ 35.

**{¶34}** Appellant's second assignment of error is overruled.

**{¶35}** In her final assignment of error, Appellant submits the trial court erred in dismissing her conversion claim.  We disagree.

*Standard of Review*

**{¶36}** We review a trial court's decision to grant judgment on the pleadings de novo. *Euvrard v. The Christ Hosp.*, 141 Ohio App.3d 572, 575 (1st Dist. 2001).

**{¶37}** Civ.R. 12(C) allows any party to move for judgment on the pleadings after the pleadings are closed. A motion for judgment on the pleadings tests the sufficiency of a complaint and is restricted solely to the allegations in the pleadings. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574 (2001), quoting *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973).

**{¶38}** A court is permitted to consider both the complaint and the answer as well as any material incorporated by reference or attached as exhibits to those pleadings when ruling on a motion for judgment on the pleadings. *Orwell Nat. Gas Co. v. Fredon Corp.*, 2015-Ohio-1212, ¶ 18 (11th Dist.). In so doing, the court must construe the material allegations in the complaint, with all reasonable inferences drawn therefrom, as true and in favor of the non-moving party. *Id.* "[W]hile we construe all of the allegations as true in the complaint, and we may *consider* the responses and affirmative defenses raised in the answer, those are not entitled to any inferences." (Emphasis in original.) *Ganzhorn v. R & T Fence Co.*, 2011-Ohio-6851, ¶ 13 (11th Dist.). "In order to be entitled to a dismissal under Civ.R. 12(C), it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor."

(Citation omitted.) *State ex rel. Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74 (2002).

## Conversion

{¶39}  The tort of conversion is defined as "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." *Heflin v. Ossman*, 2005-Ohio-6876, ¶ 20 (5th Dist.), *quoting Joyce v. General Motors Corp.,* 49 Ohio St.3d 93, 96 (1990). The elements required for conversion are: (1) a defendant's exercise of dominion or control; (2) over a plaintiff's property; and (3) in a manner inconsistent with the plaintiff's rights of ownership. *Id.*  "In order to prove the conversion of property, the owner must demonstrate (1) he or she demanded the return of the property from the possessor after the possessor exerted dominion or control over the property, and (2) that the possessor refused to deliver the property to its rightful owner." *Congress Lake Club v. Witte*, 2008-Ohio-6799, ¶ 66 (5th Dist.).

## Analysis

{¶40}  In her amended complaint, Appellant asserted the following relative to her claim for conversion:

19. Ms. Austin owned and had the right to possess her iPhone.

20. During her stay at [OhioHealth], hospital staff entered her room and remade her bed while she was in the adjoining bathroom.

21. Upon her return, Ms. Austin discovered that her cell phone was missing.

22. Upon information and belief, the hospital staff's actions in handling her belongings and the subsequent disappearance of her phone constitute a wrongful act of interfering with her property rights.

23. As a result of the hospital staff's actions, Ms. Austin was deprived of her cell phone, its use, its value, and the highly valuable medical and sentimental data it contained.

Amended Complaint.

**{¶41}** To survive a Civ.R. 12(C) motion, Appellant's amended complaint must present sufficient facts to meet every element of the tort of conversion. *Rhoads v. Olde Worthington Business Assn.*, 2024-Ohio-2178, ¶ 32 (10th Dist.), citing *Sosic v. Stephen Hovancsek & Assocs., Inc.*, 2021-Ohio-2592, ¶ 17 (8th Dist.). (under Civ.R. 12(C), "a well-pled complaint must include factual allegations going to each element of the claim, and conclusory statements without any factual allegations in support are insufficient").

**{¶42}** We find Appellant failed to adequately allege OhioHealth or hospital staff wrongfully exercised dominion or control over her iPhone to the exclusion of her rights as the owner. We further find Appellant failed to alternatively allege OhioHealth or hospital staff intentionally withheld the iPhone from her possession under a claim inconsistent with her rights. The amended complaint merely alleged hospital staff remade Appellant's bed while she was in the restroom and, upon her return to the bed, her iPhone was missing. After construing all material factual allegations in Appellant's amended complaint and all reasonable inferences therefrom in her favor, we find Appellant failed to plead sufficient facts to support a claim for conversion.

**{¶43}** Appellant's third assignment of error is overruled.

**{¶44}** The judgment of the Mansfield Municipal Court is affirmed. Costs assessed to Appellant.


By: Hoffman, J.

Baldwin, P.J. and

Gormley, J. concur